State of New Jersey,

      Plaintiff-Respondent

      v.

Keith Jackson,

      Defendant-Movant

United States Court of Appeals
For The Third Circuit
Docket No. 16-4060

**CRIMINAL ACTION**
On Appeal From An Order
Entered In The District Of
New Jersey On October 24, 2016

Sat Below: Kugler, U.S.D.J.

---

**Brief and Appendix Volume I Pages Da 1 to Da 12 on Behalf
of Defendant-Appellant Keith Jackson**

---

Alan Dexter Bowman, Esq.
Gateway I, Suite 105
Newark, New Jersey 07102
Bar No. 114991976
Alanbowman.lawoffice@gmail.com
973-622-2225

Attorney for Defendant-Appellant

Alan Dexter Bowman
Of Counsel And On The Brief

# Table of Contents

Jurisdictional Statement................................... 1

Statement of Related Cases................................ 1

Statement of the Case..................................... 2

Questions Presented....................................... 3

Standard of Review........................................ 3

Statement of Facts........................................ 3

      A. The Proceedings Below............................. 3

          I.   The Plea Hearing........................... 5

          II. Sentencing Proceedings...................... 5

              1. The Parties' Arguments................. 7

              2. The Court's Assessment................. 7

Summary of Argument...................................... 11

Legal Argument .......................................... 11

      Point I   ........................................... 11

      The 151 Month Sentence Imposed Pursuant To The
      Career Offender Designation Was Unreasonable... 11

      I. Introduction.................................... 11

      II. Applicable Law................................. 14

          1. Post-Booker Sentencing...................... 14

          2. Downward Departure From Career Offender..... 17

              i.   United States v. Shoupe III.......... 17

              ii. The Prior Offenses At Issue.......... 18

          1. 2002........................................ 18

          2. 2008........................................ 20

      III. The Factors................................... 20

1. Nature and Circumstances of the offense and
the History and characteristics of the Appellant
(18 U.S.C.A§ 3553 (a)(1))...................... 20

    a. The Offense ......................... 20

    b. The Offense ......................... 20

       i. Prior Record...................... 21

       ii. Family Background................. 21

       iii. Employment Record............... 22

2. The Need For the Sentence Imposed (18
U.S.C.A.§ 3553 (a)(2)) ...................... 22

IV. A Sentence of 151 Months Is Unreasonable........ 23

Conclusion ......................................... 27

Certification of Good Standing.........................1

Certification of Words and Lines.......................1

Certification of Identical Brief.......................2

Certification of Virus Check..........................2

Certification of Electronic Service....................2

# Table of Authorities

**CASES**

Gall v. United States, __U.S.__, 128 S.Ct.586, 594, 169
  L.Ed.2d 445 (2007).................................... 14, 15, 17

In re Morgan, 506 F.3d 705 (9 Cir. 2007)........................... 24

Johnson v. United States, 135 S.Ct. 2551 (2015)..................... 25

Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007)....... 18

Mathis v. United States, 136 S.Ct. 2243 (2016)...................... 25

Rita v. United States, ___ U.S.___, 127 S.Ct. 2456, 168 L.Ed.2d 203
  (2007)........................................................... 15

Spears v. United States, 129 S.Ct.840 (2009)..................... 17, 18

United Sates v. Cooper, 437 F.3d 324 (3 Cir. 2006)................... 3

United States v. Ameline, 400 F.3d 646, 650 (9 Cir. 2005)........... 17

United States v. Bordeaux, 674 F.3d 1006 (8 Cir. 2012).............. 23

United States v. Brown, 985 F.2d 478 (9 Cir. 1993).................. 18

United States v. Cruz-Mendez, 811 F.3d 1172 (9 Cir. 2016).......... 23

United States v. Duhon, 541 F.3d 391 (8 Cir. 2008)................. 15

United States v. Fumo, 562 F.3d 558, 567 (3 Cir. 2009).............. 12

United States v. Grier, 585 F.3d 138 (3 Cir 2009)................... 18

United States v. Hairston, 502 F.3d 378, 383 (6 Cir. 2007).......... 24

United States v. Hazel, 928 F.2d 420 (D.C. Cir. 1991)............... 18

United States v. Hinkle, 832 F.3d 569 (5 Cir. 2017)................. 25

United States v. Kappes, 782, F.3d 828 (7 Cir. 2015)............... 23

United States v. Myers, 503 F.3d 676 (8 Cir. 2007).............. 23, 24

United States v. Nielsen, (N.D. Iowa 2006).......................... 17

United States v. Paige, 611 F.3d 397(7 Civ.2010)................... 23

United States v. Shoupe III, 35 F.3d 835 (3 Cir. 1994).......... 17, 18

United States v. Smart, 518 F.3d 800, 802-03 (10 Cir. 2008)......... 14

United States v. Smith, 909 F.2d 1164 (8 Cir. 1990)................. 18

United States v. Sutton, 520 F.3d 1259, 1262 (10 Cir. 2008)...... 14, 15

United States v. Tom, 504 F.3d 89 (1 Cir. 2007)...................... 24

United States v. Tomko, 562 F.3d 558, 567 (3 Cir. 2009)............. 12

United States v. Wagner, 467 F.3d 1085 (4 Cir. 2006)................. 3

United States v. Ward, 506 F.3d 468 (6 Cir. 2007)................... 24

Welch v. United States, 136 S.Ct. 1257 (2016)...................... 25

**STATUTES**

N.J.S.A. 2C:35-5 a(1)............................................... 26

18 U.S.C.A. § 24.................................................... 2

21 U.S.C.A. § 846................................................... 2

18 U.S.C.A. § 3553 (a)......................................... passim

18 U.S.C.A. § 3553 (a)(1)(2)(A).................................... 22

18 U.S.C.A. § 3553 (a)(2)......................................... 22

18 U.S.C.A.§ 3553(a)(2)(a)........................................ 23

18 U.S.C.A.§ 3553 (a)(2)(B)....................................... 23

18 U.S.C.A. § 3553 (a)(2)(D)...................................... 23

28 U.S.C.A. § 1291................................................. 1

**Sentencing Guidelines**

U.S.S.G. § 4A1.3................................................... 18

U.S.S.G. § 4A1.3(B)............................................... 18

U.S.S.G. § 4B1.1.................................................. 19

**Table of Appendix Volume I**

Notice of Appeal..............................................Da 1

Judgement October 25, 2016....................................Da 3

Removed Pages.................................................Da 9-12

## <u>Table of Appendix Volume II</u>

Docket Entries.......................................................Da 13

Superceeding Indictment 9-4-13......................................Da 26

Second Superceeding Indictment 1-7-15...............................Da 31

Sentencing 10-14-16.................................................Da 45

Plea Transcript 1-7-16.............................................Da 74

Transcript of State Court Plea 3-11-02............................Da 103

Transcript of Sentence in Statement 4-26-02.......................Da 113

Transcript of Plea in State Court 9-8-08..........................Da 126

Transcript of Sentence in Statement 4-30-09.......................Da 133

## Jurisdictional Statement

This Court has jurisdiction to hear the instant appeal pursuant to **28 U.S.C.A. § 1291.**

## Statement of Related Cases

I hereby certify that there are several related proceedings. Those proceedings are **United States v. Carl Wiles; United States v. Fuquan; United States v. Kahlil Mims; United States v. Justin Gould; United States v. Merqueis Thomas-Randle; United States v. William Giden;** and **United States v. Elquinzie Lewis.** Each of those persons was a named co-defendant in the indictment. Appellant-appellant (hereinafter "appellant") Keith Jackson is not aware whether appeals were filed subsequent to disposition of co-defendants' matters in the district court.

## Statement of the Case

On September 4, 2013 District of New Jersey Indictment No. 13-429 (RBK) was filed. That indictment charged appellant with: conspiracy to possess and distribute heroin, crack, cocaine and cocaine in violation of **21 U.S.C. 846** (Count One) (Da 26). On January 7, 2015 a second superseding indictment was filed. Tat indictment charged appellant with conspiracy in violation of **21 U.S.C. §846** (Count One) and possession of a handgun during a drug

1

trafficking crime in violation of **18 U.S.C.A. 24** (Count Two) (Da 31).

On January 7, 2016 appellant appeared before the Honorable Robert B. Kugler, U.S.D.J. and entered a plea of guilty to Count One (conspiracy) (Da 15). Judge Kugler imposed a 151-month sentence on appellant. (Da 3).

Final judgment was entered on October 25, 2012. (Da 3). Notice of Appeal was timely filed. (Da 1).

### Questions Presented

1.    Whether the district court committed legal error in refusing to vary from the career offender guideline?

2.    Whether the district court erred in not finding that the career offender designation overstated the severity of appellant's prior criminal record?

3.    Whether the district court erred in determining that the prior state court offenses were within the career offender designation?

### Standard of Review

1.    The standard of review applicable to Questions One, Two and Three is legal error. **United States v. Wagner, 467 F.3d 1085 (4 Cir. 2006); United Sates v. Cooper, 437 F.3d 324 (3 Cir. 2006).**

### Statement of Facts

#### A.    The Proceedings Below

## I.    The Plea Hearing

On January 7, 2016, appellant appeared before the Honorable Robert B. Kugler, U.S.D.J. to enter a **retraxit** plea of guilty to Count One (conspiracy) of the Superseding Information.    The object of the conspiracy was to distribute and possess with intent to distribute at least 100 grams or more of heroin (Da 76).    Appellant retained the right to challenge any career offender designation and/or to ask for a departure from the career offender guidelines and to appeal any decision (Da 78).

The district court and prosecutor elicited a waiver of rights and factual basis from appellant. The instant matter constituted appellant's first federal conviction (Da 84). However, his prior state convictions raised "the issue whether or not [he] qualified for career offender." (Da 88).    The district court stated:

> All right. Because you have these two convictions prior to April 9th, 2013, the first is possession of CDS with intent to distribute which was entered in the Superior Court of New Jersey, Camden County and you were sentenced on April 26th, 2002 to three years imprisonment and there's distribution and/or possession with intent to distribute CDS, again in the Superior Court of New Jersey, Camden County, and you were sentenced on or about April 29th, 2009 to three years in

prison. You understand and agree with that? (Da 88).[1]

As to the factual basis, appellant admitted to supplying bulk quantities of heroin between February 2013 and April 2013. (Da 85). The heroin was repackaged and resold. (Da 95). Appellant supplied at least 400 grams during the time period specified. (Da 95).

## II.  Sentencing Proceedings

### 1.    The Parties Arguments

Appellant appeared before Judge Kugler for sentencing on October 24, 2016. The United States asserted that the career offender designation applied because appellant has two prior convictions for possession with intent to distribute. (Da 47). The United States stated:

> His convictions are from April of 2009. The career offender designation puts him at a level 32 with a criminal offender designation puts him at a level 32 with a criminal history category of six with the three points off for acceptance, that puts him at a 29m level 29, Category 6 which the United States submits that this is the appropriate sentence for this defendant considering the offense and his criminal history category. Considering the different factors, the defendant was involved in supplying a drug set with heroin over an extended period of time. Approximately three months. He was caught on wiretap...This was on ongoing relationship. (Da 48).

---

[1] Career offender status elevates appellant to a level 32 as opposed to 26. (Da 89).

Defense counsel disputed the fixed and immutable characterization of the applicability of the career offender statute articulated by the United States. Defense counsel stated:

> The two predicated offenses that the United States seeks to use [were committed in] 2002 and 2008. With respect to these particular offenses, the 2002 offense is an offense where there was, I don't know, Judge, [which one] only be described as a very small amount of a controlled dangerous substance, that at the time of he guilty plea was entered the defendant indicated he intended to share with friends. Thereafter, in 2008 there was a subsequent conviction of a CDS offense and that was less than one half owner of cocaine...[I]n my mind that when a person is designated a career offender [there] is some indicia of [a] special sort of danger to the community of some special harm inflicted or some disposition demonstrated or proven...that would indicate that this particular person is in need of a particular kind of sanction above and beyond the ordinary one to be imposed on persons with criminal records. (Da 51).

Defense counsel noted the necessity of differentiation between relatively minor offenses and more severe situations. Counsel stated:

> [Appellant] is in the same position as he sits here that he would have been had he been convicted in 2002 of 40 pounds of cocaine and in 2008 of 40 pounds of cocaine...the same jeopardy of an enhanced sentence as a

person who was involved in the kind of
offenses I believe that this particular
sanction opportunity was intended to
interdict.    Not      somebody      like
[appellant] who was barely 18 years old
at the first time he had this really,
really small involvement with CDS and
in 2008 when he had a relatively also,
you know, a significant amount but not
a substantial amount of the sort that
one   associates   with   a   category   of
dangerousness or need for some enhanced
sentencing. (Da 52).[2]

Counsel also categorized and specified the conduct
related to the conspiracy in question in the Information.
Counsel stated:

Appellant    was    involved    in    this
particular endeavor for four to five
weeks. He had no connections to any
facilities or other activity by these
people. He had no connection to any
weapons nor was he charged as such. No
funds or property forfeited belonged to
him. And the one thing that he admitted
was that during the period of time that
he was involved [he provided] more than
400 grams but less than 700 grams. (Da
54).

## 2.    The Court's Assessment

The  district  court  determined  that  appellant  "does
qualify  for  a  career  offender  status.  He  has  three
qualifying convictions." (Da 54). The district court stated
further:

---

[2] Appellant also had an assault conviction at age 18. He was involved in
a fist fight with an individual who disparaged his mother. A single
punch was launched. (Da 53).

> I understand the point you're
> making and there is a danger with a
> career offender of overreaching and
> it's an issue that I think the courts
> have noticed, but it's really up to
> Congress to make those kind of
> distinctions...When you look at it,
> [appellant] also has another conviction
> for CDS as a juvenile. It was not part
> of the career offender status for
> distribution of CDS when he was 17
> years old. So, I think the problem that
> I face is that he had three convictions
> for CDS before this one. Certainly he
> knew the risks he was taking when he
> got involved with Mr. Wiles and he knew
> or should have known that he faced a
> lengthy sentence for what might be
> viewed by some as not a great deal of
> CDS... I think the facts support the
> designation as career offender, and I
> so find that his offense level is 29,
> his criminal history category is six.
> (Da 55-56).

The court denied appellant's application for a
downward departure. The court stated:

> I don't think that the Guidelines
> overstate the case here. I think that
> given his prior record, and I
> understand very well that the
> convictions for the prior CDS offenses
> involved relatively minor amounts of
> CDS...it's not like he was caught with
> 40 pounds and he's treated the same as
> if he had 40 pounds of drugs. I
> understand that. But I understand what
> the statute is. I understand Congress'
> purposes in passing this law...and I
> don't think that it would be
> appropriate to downwardly depart on the
> basis that his criminal record and the
> actual crimes he committed over-
> represents the dangerousness to the
> community. This is his fourth
> conviction of CDS, and this crime he

7

has been convicted of is a very broad
range conspiracy involving a
significant amount of drugs and a
significant amount of money and guns. I
know he's not involved with the guns
part, but it was a very significant
conspiracy here in Camden. (Da 58).

Thereafter, the district court reviewed "the statutory

factors under 3553." The district court stated:

The first is the nature and
circumstances of the crime...Mr.
Jackson's role in this was he was a
supplier of heroin to the Wiles'
organization...As to the history and
characteristics of the defendant...I
believe that it to be very significant
that this is his fourth conviction
involving illegal drugs. Courts have in
the past attempted to deal with the
problem and he's been on probation as a
juvenile...he committed another crime
while he was on juvenile probation for
which he was incarcerated...He had a
difficult, very difficult and I don't
mean to understate this, very difficult
childhood with terrible living
conditions as a child. Shelters and
things of that nature. He dropped out
of high school. He never earned his
GED. He has some history of substance
abuse. He has two children. He has some
employment history. He is employable.
He has a family support system and
numerous friends and family members
here today to support him. And Mr.
Bowman's correct, he has made efforts
while incarcerated in the last three
and a half years to complete courses. I
have his certificates. There is some
post-arrest, post-conviction
rehabilitation.

\*          \*          \*          \*

Going to the other factors. Seriousness of the offense. It is a very serious crime...The effects that this drug ring had on Camden are impossible to calculate. It went on for a long time and I'm sure caused a lot of grief to hard working people in Camden.

There's a need, I think, for specific deterrence given the fact that this is his fourth conviction for this offense. And I do think he's a danger to the community given the fact that this is a fourth conviction for this offense. There is a tremendous need for general deterrence here. People need to understand that if they are to commit these crimes, they're going to go to prison for a long time. (Da 64-65).

Based upon its analysis of the factors, the district court determined that "a sentence within the Guideline range is appropriate." (Da 65). Consistent therewith, the district court imposed a term of 151 months imprisonment on appellant. (Da 65).

This appeal follows.

## Summary of Argument

The district erred in refusing to depart from the career offender guidelines on the basis that it disagreed with the provision on policy grounds. Specifically, the provision imposed a punishment of incarceration on appellant far beyond that which was necessary. Appellant is the victim of a life of unavoidable misfortune and the career offender guideline egregiously overstated the seriousness of his prior record. So too, the alleged qualifying offenses should have been excluded

## Legal Argument

### Point I

### The 151 Month Sentence Imposed By The Court Pursuant To The Career Offender Designation Was Unreasonable

Despite the clearly marginal nature of appellant's prior criminal convictions, the district court found that he should be sentenced as a career offender. Stated somewhat differently, the court refused to depart on policy grounds or to find that the **§ 3553 (a)** factors required a sentence below that range. Those decisions were erroneous and necessitate a reversal by this Court. Due process demands no less.

## I.   Introduction

Appellant filed a substantial letter memorandum in lieu of a formal brief prior to sentencing. It was intended to facilitate the district court in fashioning a justly individualized sentence. Simply put, the district court was required to make an individualized assessment based on the facts presented. **United States v. Tomko, 562 F.3d 558, 567 (3 Cir. 2009).** In this context, it was certainly appropriate that the district court sentenced appellant within the agreed upon guideline offense level of 23. The guideline was dependent upon the district court determining that appellant not be sentenced as a career offender[3].

We vigorously urged that application of the career offender category would overstate the seriousness of the offense and defendant's criminal history. So too, it would inflict disproportionate and disparate punishment. See, **United States v. Fumo, 562 F.3d 558, 567 (3 Cir. 2009)**[4]. One of the essential bases discussed within this memorandum is an emphasis on the fact that appellant's participation

---

[3] Appellant retained the right to challenge the career offender enhancement; the right to ask for a departure and the right to appeal any career offender enhancement. PSI Report at page 30, paragraphs 119 sections 12,13, and 14.

[4] The three prior offenses referenced in the PSI do not reflect conduct ordinarily considered particularly egregious. Appellant at no time was charged with involvement with more than one-half ounce of cocaine. Indeed, there is an indication in the record that even that amount exceeds the quantity actually at issue in the aggregate of the CDS offenses. Further, the aggravated assault and one of the CDS offenses were sentenced on the same day and should be viewed as a single conviction.

in the underlying offense was limited to a period of 4-5 weeks.

Moreover, appellant has the lowest base offense level of all of the persons charged. Further, it must be emphasized that his prior offenses were incorrectly construed as properly exposing him to career offender sentencing. And, none of the funds agreed to be forfeited by the conspirators were the property of appellant. It is noteworthy that the offense concluded in excess of 3 ½ years ago. Appellant has been imprisoned throughout that period.

Appellant understands that the conviction and either of the proffered guideline configurations (non-career offender or career offender) exposed him to significant additional imprisonment. Consideration of all relevant factors required departure from any career offender range and favored imposition of a sanction between 70-87 months (Base offense level of 23 and criminal History Category of IV). Nonetheless, it was lugubrious that any form of additional punishment was unavoidable.

Appellant is in the struggle inherent to extrication from a past deleterious lifestyle and ascension to reformation and rehabilitation. Prior to this matter, appellant's past exposure to actual incarceration was

relatively **de minimus**. The period of appellant's recent imprisonment has been lengthy, concomitantly pedagogical as well as life-altering. The analysis of acceptable punishment for crimes inexorably mandates calculation and formulation of a reasonable exercise of sentencing discretion.

This Court must give rational and meaningful consideration to its review of the factors enumerated in **18 U.S.C.A. § 3553(a)**. These factors justified lenity and a sentence crafted with a measured imposition of mercy-based incarceration. Indeed, lenity is the principle most likely to yield a fair and reasonable result. The district court erred in failing to utilize the available mechanisms to underpin a reasonable sentence.

## II.  Applicable Law

## 1.  Post-Booker Sentencing

**Post-Booker** all sentences are reviewed for reasonableness under an abuse of discretion standard. **Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 594, 169 L.Ed.2d 445 (2007)**. Reasonableness includes a procedural component, which encompasses how the sentence was calculated, and a substantive component concerning the length of the sentence actually composed. **United States v. Sutton, 520 F.3d 1259, 1262 (10 Cir. 2008); United States**

13

**v. Smart, 518 F.3d 800, 802-03 (10 Cir. 2008)**. Procedural reasonableness addresses whether the district court correctly calculated the advisory guidelines range and whether the facts relied upon were adequately supported. **United States v. Sutton, supra at 1262; United States v. Duhon, 541 F.3d 391 (8 Cir. 2008)**.

Where the district court correctly calculates the advisory Guidelines range based upon the facts and imposes a sentence within that range, the sentence is entitled to a presumption of reasonableness. **Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)**. In **Gall v. United States, supra**, the United States Supreme Court stated:

> As we explained in **Rita**, a district court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range…As a matter of administration and to secure nationwide consistency, the Guidelines should be the starting point and the initial benchmark. The Guidelines are not the only consideration, however. Accordingly, after giving both parties an opportunity to argue whatever sentence they deem appropriate, the district judge should then consider all of the **§ 3553(a)** factors to determine whether they support the sentence requested by a party. In so doing, he may not presume that the Guidelines range is reasonable…He must make an individualized assessment based on the facts presented. If he decides that an outside-Guidelines sentence is warranted, he must consider the extent

14

of the deviation and ensure that the
justification is sufficiently
compelling to support the degree of the
variance. We find it uncontroversial
that a major departure should be
supported by a more significant
justification than a minor one. After
settling on the appropriate sentence,
he must adequately explain the chosen
sentence to allow for meaningful
appellate review and to promote the
perception of fair sentencing.

Regardless of whether the sentence
imposed is inside or outside the
Guidelines range, the appellate court
must review the sentence under an
abuse-of-discretion standard. It must
first ensure that the district court
committed no significant procedural
error, such as failing to calculate (or
properly calculating) the Guidelines
range, treating the Guidelines as
mandatory, failing to consider the **§
3553(a)** factors, selecting a sentence
based on clearly erroneous facts, or
failing to adequately explain the
chosen sentence-including an
explanation for any deviation from the
Guidelines range. Assuming that the
district court's sentencing decision is
procedurally sound, the appellate court
should then consider the substantive
reasonableness of the sentence imposed
under an abuse-of-discretion standard.
When conducting this review, the court
will, of course, take into account the
totality of the circumstances,
including the extent of any variance
from the Guidelines range. If the
sentence is within the Guidelines
range, the appellate court may, but is
not required to, apply a presumption of
unreasonableness. It may consider the
extent of the deviation, but must give
due deference to the district court's
decision that the **§ 3553(a)** factors, on
a whole, justify the extent of the
variance. The fact that the appellate

15

**court might reasonably have concluded that a different sentence was appropriate is insufficient to justify reversal of the district court. [128 S.Ct. supra at 597]**

The Court in **Gall, supra,** basically stated that the reasonableness of a sentence is tethered to the analysis of the factors set forth in **18 U.S.C.A. § 3553(a).** See, **United States v. Ameline, 400 F.3d 646, 650 (9 Cir. 2005).** An examination of those factors militates in favor of a sentence herein that is predicated upon available procedures which eschew imprisonment beyond 70 months. Succinctly stated, this Court should depart if necessary from the advisory career offender guideline calculated in the PSI. See, **Spears v. United States, 129 S.Ct.840 (2009)**(District Courts are entitled to reject and vary categorically from the guidelines based on a policy disagreement with those Guidelines).

## 2. Downward Departure From Career Offender

### i.
### United States v. Shoupe III

In **United States v. Shoupe III, 35 F.3d 835 (3 Cir. 1994),** the Third Circuit Court of Appeals first recognized the appropriateness of a downward departure in a case where the appellant's career offender designation over-represents his criminal history and likelihood of recidivism. See,

16

**United States v. Nielsen, (N.D. Iowa 2006)**. In adopting this position, the **Shoupe III** Court stated:

> We join the other courts of appeals that have reviewed this issue and held that where a appellant's offense level has been augmented by the career offender provision, a sentencing court may depart downward in both the criminal history and offense level categories under § **4A1.3. [35 F.3d supra at 839]**.

See, **United States v. Smith, 909 F.2d 1164 (8 Cir. 1990)**; **United States v. Brown, 985 F.2d 478 (9 Cir. 1993)**; **United States v. Hazel, 928 F.2d 420 (D.C. Cir. 1991)**[5].

Thereafter, in **Kimbrough v. United States, 552 U.S. 85, 128 S.Ct. 558 (2007)**, the United States Supreme Court stressed that the guidelines are advisory only and it is not an abuse of discretion for a court to conclude when sentencing a particular appellant that disparity yields a sentence greater than necessary to achieve **3553 (a)** purposes. **Spears v. United States, supra.** The only fact necessary to justify a variance are the sentencing Court's disagreement with the guidelines and its policy view that the guidelines create an unwarranted disparity. **Id.**

### ii.
### The Prior Offenses At Issue

1.    2002

---

[5] See, **United States v. Grier, 585 F.3d 138 (3 Cir 2009)**, holding that amendment of **U.S.S.G. § 4A1.3(b)** limits the courts to reduction of the criminal history category but restricts departing from the offense level.

Appellant was convicted of offenses on two separate occasions. Specifically, on March 11, 2002 appellant pleaded guilty to Indictment No. 01-10-03082 and Accusation No. 02-03-00843. The Indictment charged appellant with aggravated assault third degree. The Accusation charged him with third degree intent to distribute cocaine. (Da 105). The negotiated disposition entailed an aggregate flat three-year period of imprisonment for both offenses. (Da 105).

With respect to the aggravated assault appellant stated that he "got into a fight...[with a person] who insulted and threatened his mother. (Da 104). During the course of the fight, appellant struck the person "with [his] fist and broke his jaw." (Da 106). Appellant was 18 years old at the time of the incident. No weapons were involved. (PSI at 32, paragraph 137). Moreover, there is no further violence in appellant's background[6].

As to the third degree possession with intent, appellant was in possession of a small amount of cocaine which he ingested when the police approached him. Appellant's intent as expressed on the record was "to share it with [his] friends." (Da 109). Police interdiction

---

[6] It is clearly debatable whether a fist fight constitutes adequate cause for inclusion into a career offender category. Certainly at the time of the plea appellant was not advised of this fact. **U.S.S.G.§ 4B1.1.**

18

thwarted any such sharing. (Da 109)[7]. On April 26, 2002, the court imposed on both the offenses an aggregate period of incarceration of three years flat on appellant. (Da 120). Appellant served substantially less time than three years.

## 2.    2008

On September 8, 2008 appellant entered a plea of guilty to Count Two of Indictment No. 08-05-01507. That count charged appellant with possession of less than one half ounce of cocaine with intent to distribute it. (Da 128). The factual basis encompassed a plea to possession of less than one half ounce with the intention to sell or distribute the cocaine to others. (Da 130-131). On April 30, 2009 appellant was sentenced to a term of three years flat. (Da 138). Appellant was released to the ISP program in June 25, 2009.

### III.   The Factors

**1.    Nature and Circumstances of the offense and the History and characteristics of the Appellant (18 U.S.C.A§ 3553 (a)(1))**

#### a.    The Offense

Appellant was involved in the offense from February 28, 2013 to April of 2013. Accordingly, the period of time relating to appellant is 4-5 weeks in duration. He was a

---

[7] This CDS offense is inappropriate as a basis for inclusion into a career offender matrix. Intent to share a personal use amount with friends is not a fair foundation.

participant in minimal telephone conversations and had no connection to facilities maintained by co-defendant. Further, appellant was not in possession of any weapons. None of the items or funds agreed to be forfeited are the property of appellant. Appellant admitted that he supplied at least 400 grams which he understood would be repackaged and resold.

### b.    Characteristics of Appellant

### i.    Prior Record

Appellant is 33 years old. He has three prior state court convictions. The first stemmed from a fist-fight stimulated by threats and disparagement of appellant's mother. During that period, appellant was also convicted of possessing a small amount of cocaine which he intended to share with friends. The actual amount is not ascertainable because appellant ingested it. These offenses were sentenced when appellant was approximately 20 years old. Six years later in 2008-2009 appellant was convicted of possessing less than ½ ounce of cocaine. Appellant's entire period of prior imprisonment for the offenses is significantly less than a year.

### ii.    Family Background

Appellant essentially was raised in a single-parent maternal household aided by the nurturing of a caring

grandmother until age 11 or 12 when she died. The family included four maternal siblings. In this context, appellant's childhood incorporated almost two years spent living in a shelter. The conditions, as is detailed in the presentence report, were horrible (including a yard filled with discarded hypodermic needles). Appellant's clothing was shabby and he endured intense teasing.

Appellant's circumstances improved for a period of time and then degenerated due to the allure of the streets. This led to incarceration and the progression at issue herein. Nevertheless, appellant has also fathered two children, ages 8 and 11. Those children are maturing and in need of his assistance in their growth and development[8].

### iii. Employment Record

Appellant maintained substantial gainful employment at various places and times in the past. This aspect of appellant's background is detailed in the PSI.

### 1. The Need For the Sentence Imposed (18 U.S.C.A.§ 3553 (a)(2))

A sentence of 70 months will adequately reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense. **18 U.S.C.A.§ 3553 (a)(1)(2)(A)**. That period of time is

---

[8] Appellant had previously experienced problems with alcohol and marijuana.

equivalent to almost six years, which is approximately 1/6 of appellant's life to date. Indeed, the past 3 ½ years has consumed more than 1/10 of appellant's life.

Appellant is well aware of the seriousness of the offense. The time imprisoned has promoted absolute respect for the law. And, it constitutes at least just punishment. **United States v. Myers, 503 F.3d 676 (8 Cir. 2007).** So too, appellant and others will be deterred from this conduct because of the hardship associated with substantial imprisonment. **18 U.S.C.A.§ 3553 (a)(2)(B).** Further, the sentence of 70 months, particularly the time already spent, has protected the public and fostered a disinclination to recidivate. **18 U.S.C.A.§ 3553(a)(2)(a).**

As importantly, the balance of the 70 months will facilitate providing appellant with educational and vocational training and other correctional treatment in the most effective manner. **18 U.S.C.A. § 3553 (a)(2)(D); United States v. Paige, 611 F.3d 397(7 Civ.2010); United States v. Cruz-Mendez, 811 F.3d 1172 (9 Cir. 2016); United States v. Bordeaux, 674 F.3d 1006 (8 Cir. 2012);** and **United States v. Kappes, 782, F.3d 828 (7 Cir. 2015).**


**IV.  A Sentence of 151 Months Is Unreasonable**

22

As noted, the district court was required to impose a sentence on appellant which reflects both the seriousness of the offenses and appellant's background. It is submitted that sentence should focus on punishment and rehabilitation in a manner which does not limit unduly future opportunities for a total re-entry into the community and honest and remunerative industry. A sentence of 151 months far exceeds that which is necessary to achieve that end. See, **United States v. Myers, 503 F.3d 676 (8Cir.2007)** (Court imposed special conditions of supervised released to protect public from mentally ill appellant sentenced to a term 40 percent below guidelines).

Appellant's misbehavior occurred in excess of 3 ½ years ago. He has been imprisoned since that time. He has taken advantage of all programs available to him in the detention center and prison. Incarceration of appellant beyond 70 months will only exacerbate and unduly complicate the road to redemption. See, **United States v. Ward, 506 F.3d 468 (6 Cir. 2007); In re Morgan, 506 F.3d 705 (9 Cir. 2007)** (Appellant has no right to a specific sentence only a reasonable one); **United States v. Tom, 504 F.3d 89 (1 Cir. 2007)** (Reasonableness of sentence depends on both plausible explanation and defensible overall result).

The principle of rehabilitation in lieu of excessive imprisonment urged before this Court was actualized in **United States v. Hairston, 502 F.3d 378, 383 (6 Cir. 2007).** The appellant therein received a 51 percent departure based on findings that his crime stemmed from addiction and circumstances as opposed to venality. By comparison, appellant's crime was based on economic hardship and misguided indiscretion. Additional incarceration beyond 70 months would be unduly punitive and harsh.

Appellant's prior convictions are clearly lacking as a vehicle for career offender sentencing. Our arguments are two-fold. First the fist-fight does not qualify as a violent felony. **Mathis v. United States, 136 S.Ct. 2243 (2016).** The conduct therein should be excluded on policy grounds. **Descamps v. United States, 133 S.Ct.2276 (2013).** And, the Courts have recently exhibited concerns about vague provisions which do not properly notify the public of potential punishments. See, **Johnson v. United States, 135 S.Ct. 2551 (2015); Welch v. United States, 136 S.Ct. 1257 (2016).** The conviction relating to the ingested cocaine intended for personal use seems similarly to be unanticipated as a ground for career offender sentencing. **Id.**

With specific regard to the ingested cocaine earmarked to share with friends, it is analytically startling that such an offense can serve as a predicate for a career offender categorization. The decision in **United States v. Hinkle, 832 F.3d 569 (5 Cir. 2017),** seems to find error in use of such criminal statutes as **N.J.S.A. 2C:35-5 a(1).** In our view "sharing with friends" does not qualify for use as a career offender predicate because it is vague and not clearly with the definition of distribute and dispense. And, the other CDS conviction is similarly flawed.

In short, we respectfully submit that an extended period of imprisonment is counter-productive in this case. This Court must exercise its wisdom and determine a fair balance below 151 months by excising the career offender designation. The present period of imprisonment alone is a substantially life-altering event for appellant. Due process demands mercy and lenity.

## CONCLUSION

For the foregoing reasons, we respectfully request that this Court set aside the career offender designation. That decision will facilitate a justly individualized and fair sentence consistent with due process.

Respectfully submitted,

Alan Dexter Bowman, Esq.
Attorney for Appellant
Keith Jackson

### Certification of Good Standing

I hereby certify that Alan Dexter Bowman, Esq. is a member in good standing of the bar of the Third Circuit Court of Appeals.

### Certification of Words and Lines

I hereby certify that the instant brief does not exceed the words limitations. There are 3959 words contained in the brief.

### Certification of Identical Brief

I hereby certify that the brief electronically filed on behalf of appellant Keith Jackson is identical to the hard copy.

## Certification of Virus Check

I hereby certify that the brief and other items electronically filed on behalf of appellant Keith Jackson were checked for viruses utilizing the Symantec Anti-Virus Software.

## Certification of Electronic Service

I hereby certify that the Brief and Volumes I and II of the Appendix on behalf of appellant Keith Jackson were electronically filed on April 12, 2017.

## Table of Appendix Volume I

Notice of Appeal......................................................Da 1

Judgement October 25, 2016..........................................Da 3

Removed Pages.......................................................Da 9-12

Alan Dexter Bowman, Esq.
Gateway I, Sixth Floor
Newark, New Jersey 07102
(973) 622-2225
alanbowman.lawoffice@gmail.com
Bar No. 011491976

|  |  |  |
|---|---|---|

**United States of America**                    :

      Respondent-Appellee                    :

           v.                    :

**Keith Jackson**                    :

      Defendant-Appellant                    :

                           :

United States District Court
District of New Jersey
Cr. No. 1:13-CR-00429-RBK-4

<u>**CRIMINAL ACTION**</u>

Notice of Appeal

To:    Clerk, United States District Court
       District of New Jersey
       401 Market St
       Camden, NJ 08102

       AUSA Erin Fay
       United States Department of Justice
       U.S. Attorney, District of New Jersey
       401 Market St
       Camden, NJ 08102

**PLEASE TAKE NOTICE** that defendant-appellant Keith Jackson, by his attorney

Alan Dexter Bowman, Esq. hereby appeals from an order of the district court sentencing

defendant-appellant to a term of 151 months pursuant to the career offender statute.

The sentence was imposed on October 25, 2016.

_____
Alan Dexter Bowman, Esq.

## Certification of Service

I hereby certify that copies of this Order on behalf of defendant-appellant Keith

Jackson were electronically filed on November 4, 2016:

To:    Clerk, United States District Court
       District of New Jersey
       401 Market St
       Camden, NJ 08102

       AUSA Erin Fay
       United States Department of Justice
       U.S. Attorney, District of New Jersey
       401 Market St
       Camden, NJ 08102

Fabiola Lazo

AO 245B (Mod. D/NJ 12/06) Sheet 1 - Judgment in a Criminal Case

# UNITED STATES DISTRICT COURT
## District of New Jersey

UNITED STATES OF AMERICA

v.

KEITH JACKSON

Defendant.

**CASE NUMBER   1:13-CR-00429-RBK-4**

## JUDGMENT IN A CRIMINAL CASE
### (For Offenses Committed On or After November 1, 1987)

The defendant, KEITH JACKSON, was represented by ALAN DEXTER BOWMAN.

Upon motion of the government, all counts of the Indictment and Superseding Indictment in Cr. 1:13-00429 (RBK) are dismissed as against defendant.

The defendant pleaded guilty to count 1 of the SUPERSEDING INFORMATION on 1/7/2016.   Accordingly, the court has adjudicated that the defendant is guilty of the following offense:

| Title & Section | Nature of Offense | Date of Offense | Count Number |
|---|---|---|---|
| 21 U.S.C. § 846 | Conspiracy to Distribute and Possess with Intent to Distribute Heroin | 1/2012 - 4/2013 | 1ss |

As pronounced on October 24, 2016, the defendant is sentenced as provided in pages 2 through 6 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984 and 18 U.S.C. § 3553(a).

It is ordered that the defendant shall pay to the United States a special assessment of $100.00 for count 1, which shall be due immediately.  Said special assessment shall be made payable to the Clerk, U.S. District Court.

It is further ordered that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Signed this ___25___ day of October, 2016.

Robert B. Kugler
U.S. District Judge

I CERTIFY that the above and
... true and correct copy
... file in my office
STATES DISTRICT COURT
OF NEW JERSEY
... CLERK

Defendant: KEITH JACKSON
Case Number: 1:13-CR-00429-RBK-4

Judgment - Page 2 of 6

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of 151 months.

The Court makes the following recommendations to the Bureau of Prisons: the Court recommends that the Bureau of Prisons designate defendant to a facility as close as possible to defendant's home address.

The defendant shall remain in custody pending service of sentence.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

At _____, with a certified copy of this Judgment.

Defendant delivered on _____ To _____

_____
United States Marshal

By _____
Deputy Marshal

AO 245B-(Mod. D/NJ 12/06) Sheet 3 - Supervised Release

Defendant: KEITH JACKSON
Case Number: 1:13-CR-00429-RBK-4

Judgment - Page 3 of 6

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of 3 years.

Within 72 hours of release from custody of the Bureau of Prisons, the defendant shall report in person to the Probation Office in the district to which the defendant is released.

While on supervised release, the defendant shall comply with the standard conditions that have been adopted by this court as set forth below.

The defendant shall submit to one drug test within 15 days of commencement of supervised release and at least two tests thereafter as determined by the probation officer.

If this judgment imposes a fine, special assessment, costs, or restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine, assessments, costs, and restitution that remains unpaid at the commencement of the term of supervised release and shall comply with the following special conditions:

## ALCOHOL/DRUG TESTING AND TREATMENT

You shall refrain from the illegal possession and use of drugs, including prescription medication not prescribed in your name, and the use of alcohol, and shall submit to urinalysis or other forms of testing to ensure compliance. It is further ordered that you shall submit to evaluation and treatment, on an outpatient or inpatient basis, as approved by the U.S. Probation Office. You shall abide by the rules of any program and shall remain in treatment until satisfactorily discharged by the Court. You shall alert all medical professionals of any prior substance abuse history, including any prior history of prescription drug abuse. The Probation Officer shall supervise your compliance with this condition.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____

Defendant delivered on _____  To _____

At _____, with a certified copy of this Judgment.

_____
United States Marshal

By _____
Deputy Marshal

AO 245B (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment - Page 4 of 6

Defendant: KEITH JACKSON
Case Number: 1:13-CR-00429-RBK-4

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on supervised release pursuant to this Judgment:

1) The defendant shall not commit another federal, state, or local crime during the term of supervision.

2) The defendant shall not illegally possess a controlled substance.

3) If convicted of a felony offense, the defendant shall not possess a firearm or destructive device.

4) The defendant shall not leave the judicial district without the permission of the court or probation officer.

5) The defendant shall report to the probation officer in a manner and frequency directed by the Court or probation officer.

6) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.

7) The defendant shall support his or her dependents and meet other family responsibilities.

8) The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons.

9) The defendant shall notify the probation officer within seventy-two hours of any change in residence or employment.

10) The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute or administer any narcotic or other controlled substance, or any paraphernalia related to such substances.

11) The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered.

12) The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.

13) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer.

14) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.

15) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court.

16) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

17) You shall cooperate in the collection of DNA as directed by the Probation Officer.

*(This standard condition would apply when the current offense or a prior federal offense is either a felony, any offense under Chapter 109A of Title 18 (i.e., §§ 2241-2248, any crime of violence [as defined in 18 U.S.C. § 16], any attempt or conspiracy to commit the above, an offense under the Uniform Code of Military Justice for which a sentence of confinement of more than one year may be imposed, or any other offense under the Uniform Code that is comparable to a qualifying federal offense);*

18) Upon request, you shall provide ... e of your financial records, including co-mingled income, expenses, asse ... ax returns. With the exception of the

AO 245E (Mod. D/NJ 12/06) Sheet 3a - Supervised Release

Judgment - Page 5 of 6

Defendant: KEITH JACKSON
Case Number: 1:13-CR-00429-RBK-4

financial accounts reported and noted within the presentence report, you are prohibited from maintaining and/or opening any additional individual and/or joint checking, savings, or other financial accounts, for either personal or business purposes, without the knowledge and approval of the U.S. Probation Office. You shall cooperate with the Probation Officer in the investigation of your financial dealings and shall provide truthful monthly statements of your income. You shall cooperate in the signing of any necessary authorization to release information forms permitting the U.S. Probation Office access to your financial information and records;

19) As directed by the U.S. Probation Office, you shall participate in and complete any educational, vocational, cognitive or any other enrichment program offered by the U.S. Probation Office or any outside agency or establishment while under supervision;

20) You shall not operate any motor vehicle without a valid driver's license issued by the State of New Jersey, or in the state in which you are supervised. You shall comply with all motor vehicle laws and ordinances and must report all motor vehicle infractions (including any court appearances) within 72 hours to the U.S. Probation Office;

---

*For Official Use Only - - - U.S. Probation Office*

Upon a finding of a violation of probation or supervised release, I understand that the Court may (1) revoke supervision or (2) extend the term of supervision and/or modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions, and have been provided a copy of them.

You shall carry out all rules, in addition to the above, as prescribed by the Chief U.S. Probation Officer, or any of his associate Probation Officers.

(Signed)_____

                Defendant                            Date

_____

U.S. Probation Officer/Designated Witness         Date

AO 245B (Mod. DNJ 12/06) Sheet 6 - Restitution and Forfeiture

Defendant: KEITH JACKSON
Case Number: 1:13-CR-00429-RBK-4

## RESTITUTION AND FORFEITURE

## FORFEITURE

The defendant is ordered to forfeit the following property to the United States:

A separate order of forfeiture will be entered.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) community restitution, (6) fine interest, (7) penalties. and (8) costs, including cost of prosecution and court costs.