No. 16-4060

IN THE
UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

UNITED STATES,

Appellee

v.

KEITH JACKSON,

Appellant

Appeal from the Final Judgment in a Criminal Case of the United States District Court for the District of New Jersey (Crim. No. 13-429). Sat Below: Honorable Robert B. Kugler, U.S.D.J.

_____

BRIEF FOR APPELLEE

_____

WILLIAM E. FITZPATRICK
ACTING UNITED STATES ATTORNEY
Attorney for Appellee
970 Broad Street
Newark, New Jersey 07102-2535
(973) 645-2700

On the Brief:

RICHARD J. RAMSAY
Assistant U.S. Attorney
(973) 645-2712

# TABLE OF CONTENTS

**Page**

TABLE OF AUTHORITIES ...............................................................................ii

TABLE OF ABBREVIATIONS ........................................................................ v

JURISDICTIONAL STATEMENT....................................................................... 1

STATEMENT OF THE ISSUE............................................................................ 1

STATEMENT OF RELATED CASES AND PROCEEDINGS ................................... 1

PRELIMINARY STATEMENT ........................................................................ 2

STATEMENT OF THE FACTS ........................................................................ 3

SUMMARY OF ARGUMENT........................................................................... 5

ARGUMENT ............................................................................................... 7

      JACKSON'S APPEAL MUST BE DISMISSED BECAUSE HE WAIVED
      HIS RIGHT TO CHALLENGE THE REASONABLENESS OF HIS
      SENTENCE .................................................................................... 7

CONCLUSION ......................................................................................... 19

# TABLE OF AUTHORITIES

**<u>Cases</u>**                                                              **<u>Page(s)</u>**

*Gall v. United States,*
 552 U.S. 38 (2007) ........................................................................ 7

*Decamps v. United States,*
 133 S. Ct. 227 (2013) ................................................................... 11

*Johnson v. United States,*
 135 S. Ct. 2551 (2015) ................................................................. 11

*Mathis v. United States,*
 136 S. Ct. 2243 (2016) ................................................................. 10

*United States v. Banks,*
 743 F.3d 56 (3d Cir. 2014) ......................................................9, 10

*United States v. Castro,*
 704 F.3d 125 (3d Cir. 2013) ........................................................ 15

*United States v. Cianci,*
 154 F.3d 106 (3d Cir. 1998) ........................................................ 16

*United States v. Corso,*
 549 F.3d 921 (3d Cir. 2008) ......................................................8, 13

*United States v. Grier,*
 475 F.3d 556 (3d Cir. 2007) ........................................................ 19

*United States v. Grimes,*
 739 F.3d 125 (3d Cir. 2014) .......................................... 7, 8, 14, 15

*United States v. Gwinnett,*
 483 F.3d 200 (3d Cir. 2007) .......................................................... 8

*United States v. Hoffecker,*
 530 F.3d 137 (3d Cir. 2008) ....................................................10, 11

*United States v. Jackson,*
   523 F.3d 234 (3d Cir. 2008) .......................................................... 14, 15, 16

*United States v. Khattak,*
   273 F.3d 557 (3d Cir. 2001) .................................................... 14, 15, 16, 17

*United States v. Mabry,*
   536 F.3d 231 (3d Cir. 2008) ............................................................... 14, 16

*United States v. Olano,*
   507 U.S. 725 (1993) .................................................................................. 13

*United States v. Price,*
   558 F.3d 270 (3d Cir. 2009) .................................................................. 8, 14

*United States v. Rutan,*
   956 F.2d 827 (8th Cir. 1992) ................................................................... 16

*United States v. Tomko,*
   562 F.3d 558 (3d Cir. 2009) ........................................................... 7, 18, 19

*United States v. Williams,*
   510 F.3d 416 (3d Cir. 2007) ..................................................................... 16

*United States v. Wilson,*
   707 F.3d 412 (3d Cir. 2013) ....................................................................... 8

*Welch v. United States,*
   136 S. Ct. 1257 (2016) ............................................................................. 11

## Statutes

18 U.S.C. § 3231 ........................................................................................... 6

18 U.S.C. § 3553 ......................................................................................... 17

21 U.S.C. § 846 ............................................................................................. 3

21 U.S.C. § 841 ............................................................................................. 3

28 U.S.C. § 3742 ........................................................................................... 6

iii

## Rules

Fed. R. App. P. 28 ................................................................................ 10

Fed. R. Crim. P. 11 ............................................................................. 13

## Sentencing Guideline

U.S.S.G. Ch. 5 ....................................................................................... 4

U.S.S.G. § 4B1.1 ................................................................................. 17

U.S.S.G. § 4B1.2 ................................................................................. 17

## TABLE OF ABBREVIATIONS

"A"                 refers to the Appendix supplied by Defendant.

"DB"                refers to Defendant's Brief.

"DE"                refers to the docket entry in the District Court below.

"PSR"               refers to the Pre-Sentence Report filed under seal with this
                    Court.

"SA"                refers to the Supplemental Appendix supplied by the United
                    States.

## JURISDICTIONAL STATEMENT

Appellant Keith Jackson appeals the 151-month sentence imposed by the United States District Court for the District of New Jersey (Hon. Robert B. Kugler, U.S.D.J.) on October 25, 2016.   The District Court had subject matter jurisdiction under 18 U.S.C. § 3231.   This Court has jurisdiction to review the sentence under 28 U.S.C. § 3742(a).

## STATEMENT OF THE ISSUE

Should Jackson's appeal, challenging the reasonableness of the sentence imposed by the District Court based on a correct application of the Career Offender Guideline, be dismissed because the appeal falls within the scope of the appellate waiver he knowingly and voluntarily agreed to as part of his agreement to plead guilty, and where enforcing the waiver would work no miscarriage of justice?

## STATEMENT OF RELATED CASES AND PROCEEDINGS

As described in Jackson's Pre-Sentence Report, prior to pleading guilty to a one-count superseding information, Jackson—along with Carl Wiles, Fuquan Pulliam, Khalil Mims, Justin Gould, Marqueis Thomas-Randall, William Gideon and Elquinzie Lewis—was charged in a 70-count second superseding indictment alleging various drug trafficking crimes.   PSR ¶¶ 2–12;

DE139.    All have pled guilty and have been sentenced.    With the exception

of Jackson, none has appealed.

The United States is not aware of any other related cases or proceedings.

PRELIMINARY STATEMENT

This appeal is an improper end run around the appellate waiver Jackson

knowingly and voluntarily agreed to as part of his guilty plea.    Although

Jackson reserved the right to appeal any finding that he qualified as a Career

Offender, that exception does not cover a claim of substantive

unreasonableness, which is the only issue raised by this appeal.    At the time

that Jackson filed his notice of appeal, the Government was unable to ascertain

whether the appeal concerned matters covered by the waiver or reserved by its

exception.    Had the Government known that Jackson's appeal concerned an

issue he waived, it would have sought to enforce the appellate waiver in a 3d

Cir. L.A.R. 27.4 motion for summary dismissal prior to briefing.    Now that

Jackson has filed an opening brief raising a forfeited issue and nothing else, the

Government wishes to enforce the appellate waiver to obtain the full benefit of

its bargain.    Jackson's appeal should be dismissed.

## STATEMENT OF THE FACTS

On January 7, 2016, Jackson entered a plea agreement and pled guilty to a one-count superseding information charging him with conspiracy to traffic heroin, contrary to 21 U.S.C. §§ 841(a)(1) and (b)(1)(C), in violation of 21 U.S.C. § 846.   SA1–21; DE237–41.   He admitted to supplying 400 grams but less than 700 grams of heroin to a drug trafficking organization headquartered in Camden, New Jersey.   SA19 ¶ 3; SA36, 43–45; PSR ¶¶ 46–48, 67–68.   The agreement stated that Jackson had two prior state felony drug convictions— one in 2002 and the other in 2009—and that it was possible that those convictions made him eligible for Career Offender status with a base offense level of 32.   SA19 ¶¶ 3–5; SA36–37.   The agreement also contained the Government's acknowledgement that a three-level downward adjustment would be appropriate at sentencing:   two points for accepting responsibility for his conduct and one point for timely notifying the Government of his intention to plead guilty.   SA19–20 ¶¶ 6–7; SA38.   Based on these deductions, Jackson acknowledged that if found to be a Career Offender, his total offense level would be 29 with a criminal history category of VI.   SA20 ¶¶ 8, 10; SA38.

3

The calculation yielded an advisory sentencing range of 151 to 188 months. U.S.S.G. Ch. 5, Pt. A; PSR ¶ 177.[1]

In exchange for the Government's concession, Jackson agreed to "waive certain rights to file an appeal, collateral attack, writ or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255." SA15.   With the exception of Jackson's right to appeal an adjudication that he was a Career Offender, the waiver covered "any appeal . . . which challenges the sentence imposed" if he was sentenced within the range corresponding to offense level 29, criminal history category VI.   SA20 ¶ 10.

At his sentencing hearing on October 25, 2016, and as permitted by the plea agreement, Jackson sought a departure and variance from a strict application of the Career Offender Guideline.   SA20, 26, 38–40.   He argued that the otherwise applicable Career Offender designation overstated the seriousness of his 2002 and 2009 convictions because they involved small quantities of controlled substances.   A51–55.   Rejecting this argument, the District Court not only found both were qualifying convictions, but also found

---

[1] Jackson acknowledged that if he was not found to be Career Offender, his adjusted offense level would be 23.   SA20 ¶ 8; SA36, 44–45.

his prior conviction for aggravated assault to be a qualifying predicate.   A55.
The court adjudicated Jackson a Career Offender based on these convictions
and rejected his requests for a downward departure and a variance.   A55–58,
60–65.[2]   The court then sentenced Jackson to 151 months' imprisonment, at
the bottom of the Guidelines range.   A56–58, 65.

Jackson timely filed a notice of appeal on November 4, 2016.   DE288.

### SUMMARY OF ARGUMENT

Jackson waived his right to appeal the reasonableness of his sentence
when he stood before Judge Kugler and confirmed that he understood the
terms of the broad appellate waiver contained in his plea agreement and that
he was pleading guilty of his own volition.   Jackson bears the burden of
showing why the waiver should not be enforced against him, but cannot carry
it for several reasons.

First, Jackson's appeal falls within the scope of the waiver because it
challenges Judge Kugler's discretionary ruling that he did not deserve a below-
the-Guidelines sentence.   He raises no challenge to Judge Kugler's finding
that he qualified for the Career Offender enhancement—the only right he

---

[2] As a basis for denying Jackson's departure motion, the District Court
noted his 2000 controlled substance conviction as a juvenile.   A58; PSR ¶ 136.

reserved under the waiver.    Jackson's claim that Judge Kugler erred as a matter of public policy in sentencing him within the Career Offender Guideline reaches far beyond that reservation, and his attempt to state an error of law in this regard is deficient even by the most liberal reading of his opening brief.

Second, Jackson's agreement to the waiver was knowing and voluntary. Both Judge Kugler and Jackson's attorney explained that the right he reserved under the waiver was a narrow one, limited to an appeal challenging his qualification as a Career Offender.    Jackson swore that he understood this explanation.

Finally, Jackson's stand-alone claim of substantive unreasonableness presents no exceptional circumstances that would justify the rare application of the miscarriage-of-justice exception to appellate waivers.

The waiver in this case should be enforced and Jackson's appeal dismissed.

ARGUMENT

**JACKSON'S APPEAL MUST BE DISMISSED BECAUSE HE WAIVED HIS RIGHT TO CHALLENGE THE REASONABLENESS OF HIS SENTENCE.**

**Standard of Review**:   "[This Court] review[s] the validity and scope of an appellate waiver de novo."   *United States v. Grimes*, 739 F.3d 125 (3d Cir. 2014).

Jackson challenges the reasonableness of the 151-month sentence imposed by the District Court, a matter that falls within the appellate waiver he agreed to when he pled guilty.   He raises no claim of procedural error, but rather claims that the District Court erred in refusing to depart downwardly or vary from his Career Offender Guideline range because the three convictions used to justify the enhancement overstate his purportedly "minor" conduct during those crimes.   DB5, 10, 11 & n.4.[3]   He urges this Court, for unspecified policy reasons, to "depart if necessary" from his Guidelines sentence.   DB16.   The request is futile, however, because the appellate waiver prevents this Court from reviewing the merits of his appeal and because he

---

[3] This Court reviews the reasonableness of a sentence in two stages:   First, it "ensure[s] that the district court committed no significant procedural error." *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009) (en banc) (quoting *Gall v. United States*, 552 U.S. 38, 51 (2007)).   Then "[i]f the district court's procedure passes muster," at stage two it will review the sentence for substantive reasonableness, considering the totality of the circumstances.   *Id.*

forfeited any claim of procedural error by not developing such a claim in his opening brief.

Jackson pled guilty knowing that he waived his right to appeal the reasonableness of his sentence.   As this Court has explained, "[it] will enforce an appellate waiver and decline to review the merits of an appeal where [it] conclude[s] (1) that the issues [the defendant] pursues on appeal fall within the scope of his appellate waiver and (2) that he knowingly and voluntarily agreed to the appellate waiver, unless (3) enforcing the waiver would work a miscarriage of justice."   *Grimes*, 739 F.3d at 128–29 (quoting *United States v. Wilson,* 707 F.3d 412, 414 (3d Cir. 2013)).

Jackson's "appellate waiver is broad in scope and clear," *United States v. Corso*, 549 F.3d 921, 927 (3d Cir. 2008); *United States v. Gwinnett*, 483 F.3d 200, 203–05 (3d Cir. 2007), and is "undoubtedly comprehensive," *United States v. Price*, 558 F.3d 270, 284 (3d Cir. 2009).   It states in relevant part:

> Jackson knows that he . . ., except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from a total Guidelines offense level of 29, criminal history category VI. . . . The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein.   Furthermore, if the sentencing court accepts

8

a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

SA20 ¶ 10.   The only right reserved under the waiver was Jackson's right to appeal his qualification as a Career Offender.   SA20.

The question presented by Jackson's appeal does not implicate this narrow exception.[4]   *See United States v. Banks*, 743 F.3d 56, 58 (3d Cir. 2014) (waivers must be construed strictly).   As stated by defense counsel and the District Court, the exception covers only an "appeal [of] any finding that [Jackson] qualifies as a Career Offender."   SA26 (defense counsel); *accord* SA39 (District Court).[5]   It does *not* cover an appeal of discretionary departure and variance decisions that have no bearing on the question of whether the enhancement applies in the first instance.   Jackson's entire appeal challenges these latter decisions, all of which are encompassed by the waiver provision barring "any appeal . . . which challenges the sentence imposed."   SA20 ¶ 10. This Court must refuse to review the merits of Jackson's appeal if it is to

---

[4] Although Jackson purports to present three questions for this Court's consideration, DB2, in reality he raises only one claim of unreasonableness, as expressed in the one Point developed in the argument section of his opening brief, DB10–26.

[5] Counsel below represents Jackson on appeal.

"construe the phrase 'any appeal . . . which challenges the sentence imposed' to mean what it plainly states." *Banks*, 743 F.3d at 58.

Although the third question presented in Jackson's opening brief purports to raise a claim of procedural error, DB2, Jackson did not "pursue" the claim in his opening brief as required by Rule 28 of the Federal Rules of Appellate Procedure.   To preserve an issue for appellate review, an appellant must present supporting "contentions and the reasons for them, with citations to the authorities and parts of the record on which the appellant relies."   Fed. R. App. P. 28(a)(8)(A); *United States v. Hoffecker*, 530 F.3d 137, 162–63 (3d Cir. 2008) (explaining preservation requirements of Rule 28).   Jackson did not comply with these requirements.   He offered no legal or factual arguments supporting a claim of procedural error—a claim that would be frivolous in any event given his express acknowledgment that he had two prior felony controlled substance convictions.   SA19 ¶ 5; SA36.[6]   His citation to four

---

[6]  Additionally, Jackson raised no objection to the aggravated assault conviction included in his Pre-Sentence Report.   PSR, p. 48.   Although he minimizes his conduct for both the drug convictions and the conviction for aggravated assault, DB5, 11 & n.4, 18 n.6, 19 n.7, 24–25, this argument supports his substantive reasonableness claim only, and is based on his own self-serving assessment of bad conduct and not-so-bad conduct.

Supreme Court cases, DB24,[7] does nothing to bring him in compliance with Rule 28 either, because he spends no time applying the facts or holdings of those cases to his own conviction.   Having failed to "construct any argument about" procedural error, Jackson has forfeited his right to bring such an issue before this Court.   *Hoeffecker*, 530 F.3d at 163.

Jackson certainly knew that the appellate waiver was broadly inclusive, and its exception narrow, when he voluntarily agreed to its terms.   He and his attorney signed a plea agreement wherein he attested that he read the agreement in its entirety, "including those [provisions] addressing the . . . waiver"; he carefully reviewed the agreement with his attorney; and he accepted its terms and conditions based on his full understanding of them.

---

[7] *Mathis v. United States*, 136 S. Ct. 2243 (2016) (holding that convictions based on Iowa burglary statute cannot give rise to a sentence enhancement under the Armed Career Criminal Act ("ACCA") because elements of Iowa statute are broader than those of generic burglary); *Welch v. United States*, 136 S. Ct. 1257 (2016) (holding that *Johnson v. United States*, 135 S. Ct. 2551 (2015), announced a new substantive rule that has retroactive effect in cases on collateral review); *Johnson*, 135 S. Ct. 2551 (invalidating ACCA's residual clause as unconstitutionally vague); *Descamps v. United States*, 133 S. Ct. 227 (2013) (holding that the modified categorical approach, used to determine whether a prior conviction is for violating a statute that sets out offense elements in the alternative, does not apply to statutes that contain a single, indivisible set of elements).

SA18, 34–35.[8]   Jackson corroborated these representations in a separate

application for permission to enter his guilty plea.   SA5–11.

Defense counsel, too, attested to Jackson's knowing and voluntary

waiver.   In the plea agreement, his signature appears below his

acknowledgment that he "discussed with [Jackson] . . . all of its provisions,

including those addressing the . . . waiver."   SA18.   Correspondingly, in

Jackson's application to enter a plea of guilty, counsel certified that Jackson

was pleading guilty "voluntarily with understanding of the consequences of his

plea" and recommended that the District Court accept the plea based on this

understanding.   SA12 ¶ 9.

The knowing and voluntary nature of Jackson's appellate waiver was

also tested during his plea colloquy on January 7, 2016.   There, both Jackson

and his attorney specifically acknowledged that, with the exception of the right

to appeal his classification as a Career Offender, the appellate waiver required

Jackson to forfeit his right to appeal or collaterally attack any sentence that fell

within or below the Guidelines range that resulted from offense level 29 and

---

[8] Jackson also acknowledged that "[n]o additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties."   SA17.

criminal history category VI.   SA38–40.   That acknowledgement was

accompanied by Jackson's sworn testimony that he was satisfied with the

representation his attorney had provided, SA29; he had had enough time to

consult with counsel about both the plea agreement and application to enter a

plea of guilty, SA28, 34; no one was pressuring him to plead guilty, SA34; and

he was pleading guilty of his own free will, SA34.[9]

    After a thorough colloquy, which included the Court's explanation that

"both sides agree that you have a right to challenge and appeal any finding that

you're a career offender," SA39, the Court accepted Jackson's guilty plea, to

the satisfaction of both defense counsel and the Government, SA45.   All of

these circumstances demonstrate that Jackson knew what he was doing when

he pled guilty and that he did so because he wanted to plead guilty.   *See, e.g.,*

---

[9] Even if the colloquy failed to meet the standards of Federal Rule of Criminal Procedure 11(b)(1)(N), "[b]ecause [defendant] did not object before the District Court to its purported Rule 11 error, he 'has the burden to satisfy the plain-error rule,' and must show (1) that there was an error, i.e., a deviation from a legal rule, (2) that the error was 'plain,' i.e., clear or obvious, and (3) that the error affected his substantial rights."   *Corso*, 549 F.3d at 928–29 (citations omitted).   Moreover, "even if all three conditions are met [this Court] will exercise [its] discretion to correct the unpreserved error only if [defendant] persuades [the Court] that (4) 'a miscarriage of justice would otherwise result,' that is, if 'the error seriously affect[ed] the fairness, integrity or public reputation of judicial proceedings.'"   *Id.* (quoting *United States v. Olano*, 507 U.S. 725, 736 (1993)).

*Price*, 558 F.3d at 284 (enforcing appellate waiver where waiver was "undoubtedly comprehensive" and its single exception explained in open court); *United States v. Mabry*, 536 F.3d 231, 238–39 (3d Cir. 2008) (concluding collateral waiver was knowing and voluntary where waiver was broad and not subject to any exceptions, colloquy was thorough, the district court, prosecutor and defense counsel explained waiver in open court, and defendant signed the plea agreement containing the waiver); *United States v. Jackson*, 523 F.3d 234, 243 (3d Cir. 2008) (enforcing appellate waiver where defendant acknowledged, in writing, that she read and understood its provisions, conferred with her attorney and was agreeing to plead guilty of her own volition, and where court explained waiver during plea colloquy).   It can hardly be contested that Jackson received the benefits of avoiding a harsher punishment if he had risked trial, and lost, on the 70-count indictment charging him and seven other associates with serious drug trafficking offenses.   *See United States v. Khattak*, 273 F.3d 557, 561 (3d Cir. 2001) (recognizing that "waivers of appeals may assist defendants in making favorable plea bargains," because "a defendant can bargain for a sentence range or ceiling").

This Court will not enforce a waiver if it results in a "miscarriage of justice," *Grimes*, 739 F.3d at 130, but Jackson appeals his sentence on a ground

14

that rarely, if ever, is set aside under this exception.   The exception exists

"with the aim of avoiding manifest injustice."   *United States v. Castro*, 704 F.3d

125, 136 n.6 (3d Cir. 2013).   In determining whether the miscarriage-of-justice

exception applies, this Court considers

> the clarity of the error, its gravity, its character (e.g., whether it
> concerns a fact issue, a sentencing guideline, or a statutory
> maximum), the impact of the error on the defendant, the impact of
> correcting the error on the government, and the extent to which the
> defendant acquiesced in the result.

*Khattak*, 273 F.3d at 563.   But as this Court has observed, "[a]lthough 'there

may well be unusual situations in which an unreasonable sentence, standing

alone, could require invalidating [a] waiver to avoid a miscarriage of justice,'

such situations are rare, especially in light of [this Court's] deferential abuse of

discretion standard for reviewing sentencing appeals."   *Grimes*, 739 F.3d at

131 (quoting *United States v. Jackson*, 523 F.3d 234, 244 (3d Cir. 2008)).

Nothing about Jackson's case is unusual.   He pled guilty to conspiring

to traffic bulk quantities of heroin.   He admitted that he had two prior felony

drug convictions.   The District Court found him to be a Career Offender

based on these convictions as well as his conviction for aggravated assault, the

existence of which he does not contest.   Before imposing a sentence at the low

end of the Career Offender range, the court also considered the additional

15

controlled substance conviction Jackson received as a juvenile.    If it was not a

miscarriage of justice to enforce the appellate waiver where the defendant's

sentence fell within the applicable advisory Guidelines range, the district court

did not err in calculating the range, and the defendant's sole claim on appeal

challenged the reasonableness of her sentence, *see Jackson*, 523 F.3d at 243,

enforcing the waiver in this case works no injustice as well.

    In fact, "[e]nforcing the waiver [in this case] is in line with justice, not a

miscarriage of it."    *Mabry*, 536 F.3d at 244.    "Allowing defendants [like

Jackson] to retract waivers would prolong litigation, affording defendants the

benefits of their agreements while shielding them from their self-imposed

burdens."    *Khattak*, 273 F.3d at 561.    Enforcing Jackson's waiver properly

prevents him from "reneg[ing] on his agreement," and from receiving "the

benefits of it without the burdens."    *United States v. Williams*, 510 F.3d 416,

422 (3d Cir. 2007) (quoting *United States v. Cianci*, 154 F.3d 106, 110 (3d Cir.

1998)).    Moreover, enforcing waivers of appeal like Jackson's "preserve[s] the

finality of judgments and sentences imposed pursuant to valid pleas of guilty,"

*Khattak*, 273 F.3d at 561 (quoting *United States v. Rutan*, 956 F.2d 827, 829 (8th

Cir. 1992)), protects judicial and prosecutorial resources, and ultimately "may

assist defendants in making favorable plea bargains," *id.* at 562.   All of these

considerations weigh in favor of enforcing the appellate waiver in this case.

*   *   *   *

If this Court were to reach the merits of this appeal, it should affirm the

sentence imposed by the District Court.   The record amply supports that

court's conclusion that Jackson is a Career Offender.   A55.   He meets all

three elements of the Career Offender Guideline, U.S.S.G. § 4B1.1(a):   He

was over 18 years old when he conspired to traffic heroin, SA7, PSR, p. 2,

DB20; the crime to which he pled guilty is a felony "controlled substance

offense," as that term is defined under § 4B1.2(b); and he has two prior felony

controlled substance convictions.   In addition, he has a state conviction for

aggravated assault, a "crime of violence" and qualifying predicate under

§§ 4B1.1(a) and 4B1.2(a)(2).   Accordingly, the District Court did not err in

finding that all three convictions qualified Jackson for a sentence enhancement

under § 4B1.1.

Likewise, the District Court did not abuse its discretion in sentencing

Jackson within the Career Offender Guideline range based on an assessment of

additional factors; the sentence was reasonable.   *See* 18 U.S.C. § 3553(a)

(enumerating factors a court must consider in determining sentence);

17

*Tomko*, 562 F.3d at 561, 567–68 (sentencing decisions reviewed for abuse of discretion).   As the judge properly observed, the instant offense was Jackson's fourth controlled substance conviction, which made him a danger to the community and amplified the need for a sentence that would help deter others from engaging in similar behavior.   A58, 65.   The judge had ample reason to conclude that Jackson had committed "a very serious crime" by supplying heroin to a "wide-ranging, long-term conspiracy . . . involve[ing] three different kinds of illegal drugs" and "a significant amount of money and guns." A58, 63.   The impact on the community was, as the District Court expressed, "impossible to calculate," though at the very least it "caused a lot of grief to hard working people."   A64.

In addition to assessing the past and present crimes Jackson committed, the District Court took proper inventory of Jackson's personal history and characteristics.   The judge noted his history of juvenile delinquency; his struggle to maximize opportunities for rehabilitation;[10] his "difficult childhood with terrible living conditions"; his high school delinquency; his history of

---

[10] Jackson received a probationary sentence for the drug offense he committed as a juvenile and, as an adult, was placed in a diversion program in connection with his third drug conviction.   PSR ¶¶ 136, 140.

substance abuse; and his record while in prison, including completed coursework and minor infractions.    A63–64.    The court further acknowledged that Jackson has two children and a supportive family and network of friends.    A64.    Because "the record as a whole reflects rational and meaningful consideration of the factors enumerated in 18 U.S.C. § 3553(a)," this Court should not disturb Jackson's 151-month Guidelines sentence.    *Tomko*, 562 F.3d at 568 (quoting *United States v. Grier*, 475 F.3d 556, 571 (3d Cir. 2007) (en banc)).

## CONCLUSION

The Court should enforce the appellate waiver and dismiss Jackson's appeal.    Alternatively, the Court should affirm Jackson's sentence.

Respectfully submitted,

WILLIAM E. FITZPATRICK
ACTING UNITED STATES ATTORNEY


By:   s/ Richard J. Ramsay
Assistant United States Attorney
970 Broad Street, Suite 700
Newark, NJ 07102-2535
(973) 645-2700

Date:   June 7, 2017

19

## CERTIFICATE OF COMPLIANCE

I hereby certify that I am an Assistant United States Attorney for the District of New Jersey, that I am filing the attached Brief and Supplemental Appendix for Appellee, and:

(1) the Brief complies with the length limitations of Fed. R. App. P. 32(a)(7)(A) because it does not exceed 30 pages;

(2) the Brief complies with the typeface and type style requirements of Fed. R. App. 32(a)(5) and (6) because it was prepared using a Microsoft WORD 2016 word-processing system and it is in a proportionally-spaced typeface, namely Calisto MT, that is at least 14 points;

(3) the text of the PDF and paper copies of the Brief and Supplemental Appendix are identical; and

(4) the PDF copies of the Brief and Supplemental Appendix were prepared on a computer that is automatically protected by a virus detection program, namely a continuously-updated version of Trend Micro OfficeScan, and no virus was detected.

By: s/ Richard J. Ramsay
Assistant U.S. Attorney

Dated:   June 7, 2017

## CERTIFICATION OF FILING AND SERVICE

I hereby certify that on June 7, 2017, I caused the Brief and Supplemental Appendix for Appellee to be filed with the Clerk of this Court by (a) electronic filing in the PDF form using the Circuit's electronic filing system, and (b) paper filing of an original and six paper copies of the Brief and Supplemental Appendix using postage-prepaid first-class mail.

I also certify that on June 7, 2017, I caused the Brief and Supplemental Appendix for Appellee to be served:

[X] by the Notice of Docketing Activity generated by the Third Circuit's electronic filing system, on the following Filing User:

Alan Dexter Bowman, Esq.
alanbowman.lawoffice@gmail.com


s/ Richard J. Ramsay
Assistant United States Attorney

Dated: June 7, 2017