| | |
|---|---|
| State of New Jersey, | United States Court of Appeals For The Third Circuit Docket No. 16-4060 |
| Plaintiff-Respondent | |
| v. | **CRIMINAL ACTION** On Appeal From An Order Entered In The District Of New Jersey On October 24, 2016 |
| Keith Jackson, | |
| Defendant-Appellant | Sat Below: Kugler, U.S.D.J. |

**Reply Brief on Behalf of
Defendant-Appellant Keith Jackson**

Alan Dexter Bowman, Esq.
Gateway I, Suite 105
Newark, New Jersey 07102
973-622-2225

Attorney for Defendant-Appellant

Alan Dexter Bowman
Of Counsel And On The Brief

## **TABLE OF CONTENTS**

Statement Of The Case......................................1

Legal Argument............................................2

Point I...................................................2

Appellant Did Not Waive His Right To Appeal The District Court's Decision Not To Depart On Policy Grounds..........2

Standard Of Review: The Third Circuit reviews the validity of the scope of an Appellate waiver **de novo**. United states v. Grimes, 739 F. 3d 125 (3 Cir. 2014)....................................................2

Conclusion................................................4

### **CASES**

United States v. Goodson, 544 F. 3d 529 (3 Cir. 2008).....3

United States v. Grimes, 739 F. 3d 125 (3 Cir. 2014)......2

## Statement Of The Case

The instant brief is intended as a reply to the United State's responding brief. It relies upon the **Procedural History** and Statement of Facts set forth in the Brief and Appendix Volume I.

## Legal Argument

### Point I

**Appellant Did Not waive His Right To Appeal The District Court's Decision Not To Depart On Policy Grounds**

**Standard of Review**: The Third Circuit reviews the validity of the scope of an Appellate waiver **de novo**. **United States v. Grimes**, 739 F.3d 125 (3 Cir. 2014).

The District Court and the United States acknowledged in the plea proceedings that Mr. jackson had the right to appeal any career offender designation, including the Court's decision not to grant a departure from the career offender guideline on policy grounds. (Da 91, Da 92). The right to pursue the departure incorporated the right to appeal denial. The reasonableness of the sentence herein is only challenged in relation to the failure to depart on policy grounds. That Mr. Jackson retained this right to appeal is clear.

All of the issues raised on appeal by appellant are within the reserved category. Each of the three issues relate to application of the career offender designation, which Mr. Jackson has the right to challenge. Indeed, the district court stated, "You have a right to challenge and appeal any finding that you are a career offender." (Da

2

92). Defense counsel supplemented that reservation on the record with the negotiated right to challenge and appeal "the right to ask for a departure on policy grounds." (Da 92). The district court replied "Gotcha. The departure from the career offender status?" (Da 92). Counsel responded "Yes" and the district court iterated "Gotcha." (Da 92).

The United States in our view understands that appellant reserved challenges to all aspects of the career offender issue. The limitation is that the sentence is not subject to question if this Court finds that the career offender designation is to be sustained and the district Court did not err in failing to depart from the career offender designation on policy grounds. See, **United States v. Goodson, 544 F.3d 529 (3 Cir. 2008).**

## Conclusion

For the foregoing, reasons, we respectfully request that the find that appellant did not waive the challenges set forth in his appeal brief. The record is clear.

Respectfully Submitted

_____
Alan Dexter Bowman, Esq.

Attorney for Appellant
Keith Jackson

## Certification of Good Standing

I hereby certify that Alan Dexter Bowman, Esq. is a member in good standing of the bar of the Third Circuit Court of Appeals.

## Certification of Words and Lines

I hereby certify that the instant brief does not exceed the words limitations. There are 536 words contained in the brief.

## Certification of Identical Brief

I hereby certify that the brief electronically filed on behalf of appellant Keith Jackson is identical to the hard copy.


## Certification of Virus Check

I hereby certify that the brief and other items electronically filed on behalf of appellant Keith Jackson were checked for viruses utilizing the Symantec Anti-Virus Software.

## Certification of Electronic Service

I hereby certify that the Brief and Volumes I and II of the Appendix on behalf of appellant Keith Jackson were electronically filed on April 12, 2017.