# ALAN DEXTER BOWMAN, ESQ.
ATTORNEY AT LAW
GATEWAY 1, SUITE 105
NEWARK, NEW JERSEY 07102
Alanbowman.lawoffice@gmail.com
TELEPHONE (973)-622-2225
FAX (973)-242-6768

**ALAN DEXTER BOWMAN, Esq.**                    **Euginia Barrows**
                                                **Office Manager**

July 5, 2017

Clerk, United States Court of Appeals
For The Third Circuit
601 Market Street, Room 21400
Philadelphia, PA 19106-1729

                         Re: **Pro Se** Letter of
                         Appellant Keith Jackson
                         Pursuant To Fed. R. App. Proc.
                         28 j.
                         Docket No. 16-4060

Dear Clerk:

Enclosed please find for filing a **pro se** letter prepared by Appellant Keith Jackson pursuant to **Fed. R. App. Proc.** 28 j. I am filing it on appellants's behalf.

Please advise.

                                        Respectfully Submitted,

                                        _____
                                        Alan Dexter Bowman, Esq.

CC: AUSA Richard J. Ramsay

May 9th, 2017

Keith Jackson
Reg.No.#65312-050
FCI McKean
P.O. Box 8000
Bradford, PA 16701


CLERK OF COURT
United States Court of Appeals for the Third Circuit
601 Market Street, Rm 21400
Philadelphia, PA 19106-1729


      Re: United States of America v. Keith Jackson
          Case No.: 16-4060

Dear Clerk of Court:

    Pursuant to Rule 28(j), please advise the Court of the following supplemental authority on behalf of Appellant Keith Jackson. Appellant Keith Jackson, pro se, submits this letter addressing the recent decision by the United States Supreme Court in Mathis v. United States, 2016 WL 3434400, No. 15-6092 (June 23, 2016) and the recent decision by the Third Circuit Court of Appeals in Chang-Cruz v. Attorney General, 2016 WL 4446063 (3rd Cir. 2016) Appellant Keith Jackson argues that his prior New Jersey controlled substance offense under N.J. Stat. Ann. § 2C:35-5(a) does not constitute controlled substance offenses under the Career Offender Guidelines in light of Mathis and Chang-Cruz.

    Mathis, "in no uncertain terms," holds "a state crime cannot qualify as an ACCA predicate if its elements are broader than those of a listed generic offense. "Mathis, 2016 WL 3434400 at *6. While Mathis addressed what constituted a crime of violence in the ACCA, the Third Circuit recently reasoned that it applies to controlled substances offenses under the Career Offender Guideline. See Chang-Cruz v. Attorney General, 2016 WL 4446063 (3rd Cir. 2016); see also, United States v. Hinkle, 823 F3d 569, 576-77 (5th Cir. 2016).

Mathis and Chang-Cruz applies to this Appeal. Appellant maintains he must be resentenced because, under Mathis and Chang-Cruz, he was improperly categorized as a Career Offender, because his two convictions of third degree possession with intent to distribute cocaine are not controlled substances offenses under the Career Offender Guidelines, USSG 4B1.2(b). In Chang-Cruz this Court vacated Chang-Cruz sentence because his prior New Jersey conviction under New Jersey Stat. Ann. 2C:35-7(a) was not an "aggravated felony" for immigration purposes because crime appeared broader than generic federal offense in light of Mathis.

Likewise, Appellant Keith Jackson contends that his N.J. Stat. Ann. 2C:35-5(a) constitutes alternative means, rather than alternative elements. In light of the overbreadth of the statute at issue, Mathis and Chang-Cruz compels vacation of Keith Jackson's career offender sentence.

Sincerely,

*Keith Jackson*
Keith Jackson

cc:  Alan Bowan                    U.S. Attorneys Office
     401 Market St, 4th Fl.        Attorney-at-Law
     Camden, NJ 08101              1 Gateway Ctr., Ste 105
                                   Newark, NJ 07102