**ALAN DEXTER BOWMAN, ESQ.**
ATTORNEY AT LAW
GATEWAY 1, SUITE 105
NEWARK, NEW JERSEY 07102
Alanbowman.lawoffice@gmail.com
TELEPHONE (973)-622-2225
FAX (973)-242-6768

**ALAN DEXTER BOWMAN, Esq.**                    **Euginia Barrows**
                                                **Legal Assistant**

September 7, 2017

Clerk, United States Court of Appeals
For The Third Circuit
601 Philadelphia, PA 19106-1729

                    Re: **Pro Se** Letter
                    Appellant Keith Jackson
                    Pursuant To Fed. R. App. Proc.
                    28 j.
                    Docket No. 16-4060

Dear Clerk:

   Enclosed please find for filing a **pro se** brief prepared by Appellant Keith Jackson. He has requested that I file it pursuant to **Fed. R. App. Proc.** 28 j. Appellant is of the view that this **pro se** brief elucidates other materials filed on his behalf. Therefore, I am filing it based on his instructions.

   Please advise.

                                    Respectfully Submitted,

                                    _____
                                    Alan Dexter Bowman, Esq.

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No. 16-4060

UNITED STATES OF AMERICA,
Appellee,

v.

KEITH JACKSON,
Defendant-Appellant.

RECEIVED FEB 17 2017 U.S.C.A. 3rd. CIR

Appeal from the judgment of sentence
entered in the United States District Court for
the District of New Jersey on
October 24, 2016, at No. 13-429

**DEFENDANT-APPELLANT KEITH JACKSON PRO SE BRIEF**

Keith Jackson - Appellant, pro se
Reg.No.#65312-050
FCI McKean
P.O. Box 8000
Bradford, PA 16701

Received and Filed
KEL 2/17/17
Marcia M Waldron,
Clerk

# TABLE OF CONTENTS

|  | Page |
|---|---|
| Table of Authorities | ii |
| Statement of Subject Matter and Appellate Jurisdiction | 1 |
| Statement of the Issues Presented | 2 |
| Statement of the Case | 3 |
| Argument | 4 |
| Conclusion |  |
| Certificate of Service |  |
| Certificate of Compliance |  |

## TABLE OF AUTHORITIES

**United States Supreme Court Cases:**                                               Page(s)

United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005) ............. 2, 11
Mathis v. United States, 136 S.Ct. 2243 (2016) ............................. 4, 6, 9, 10
Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708 (1987) ................... 4
Moncrieffe v. Holder, 133 S.Ct. 1678, 1684, 185 L.Ed.2d 727 (2013) ......... 5, 6
Gonzales V. Duenas-Alvarez, 549 U.S. 183, 185-87, 127 S.Ct. 815
166 L.Ed.2d 683 (2007) ..................................................... 5
Descamps v. United States, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013) .... 6
Nijhawan v. Holder, 557 US 29, 35, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009).... 6
Apprendi v. New Jersey, 530 US 466, 120 S.Ct 2348, 147 L.Ed.2d 435 (2000)... 6
Shepard v. United States, 544 U.S. 13, 21, 125 S.Ct. 1254, 161
L.Ed.2d 205 (2005) ......................................................... 7
Taylor v. United States, 495 US 575, 602 (1990) ............................ 9, 10
Gall v. United States, 522 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). 12

**United States Court of Appeals Cases:**

Chang-Cruz v. Attorney General, 2016 WL 4446063 (3d Cir. 2016) ............. 4, 8, 9, 10
United States v. Hinkle, 823 F3d 569, 576-77 (5th Cir. 2016) ............... 4, 7
Rendon v. Holder, 782 F3d 466, 473-74 (9th Cir. 2015) ...................... 7
United States v. Kononchuk, 485 F3d 199, 204 (3d Cir. 2007) ................ 12
United States v. Webb, 403 F3d 373, 383 (6th Cir. 2005) .................... 12
United States v. Jackson, 408 F3d 301, 305 (6th Cir. 2005) ................. 12

**Others:**

USSG § 4B1.1 ............................................................... 5, 7, 14
USSG § 4B1.2(b) ............................................................ 5, 9, 10
N.J.S.A. 2C:35-2 ........................................................... 8
N.J.S.A. 2C:35-5 ........................................................... 8
N.J.S.A. 2C:35-5(a) ........................................................ 5, 8
N.J.S.A. 2C:35-7(a) ........................................................ 8
Section 481.002(8) ......................................................... 7
Maldonado, 137 N.J. 536, 645 A.2d 1165, 1185 (N.J. 1994) ................... 9
State v. Wilkinson, 126 N.J. Super. 553, 316 A.2d 6, 8 (N.J. App.Div 1973) . 9
United States v. Carvajal, 2005 WL 476125 (S.D.N.Y. Feb. 22, 2005) ........ 13

## STATEMENT OF SUBJECT MATTER AND APPELLATE JURISDICTION

This is a federal criminal prosecution which originally arose out of acts occurring in the District of New Jersey and prosecuted under 21 U.S.C. §§ 841(a)(1) and 846. Following a plea of guilty to Count 1 of the Superseding Information charging him with conspiracy to distribute and possess with intent to distribute at least 100 grams or more of herion, the Appellant was sentenced to 151 months. The district court below exercised jurisdiction pursuant to 18 U.S.C. § 3231 and Rule 18, Fed.R.Crim.P.

This is an appeal as of right, taken pursuant to Rule 3 and 4, F.R.A.P., from the district court to the Third Circuit Court of Appeals with jurisdiction over this district. Jurisdiction is proper under 28 U.S.C. § 1291 and under 18 U.S.C. § 3742 with regard to the sentencing issues.

Judgment was entered on October 25, 2016, and a timely notice of appeal was filed on November 4, 2016.

## STATEMENT OF THE ISSUES PRESENTED

* DRUG TRAFFICKING, WHEN ACCOMPLISHED THROUGH "DISTRIBUTION" OR "DISPENSING" A CONTROLLED SUBSTANCE CANNOT CONSTITUTE A CONTROLLED SUBSTANCE OFFENSE UNDER THE CAREER OFFENDER GUIDELINE.

* THE DISTRICT COURT'S SENTENCE OF MR. JACKSON WAS NOT REASONABLE IN LIGHT OF THE DECISION IN UNITED STATES V. BOOKER, 125 S.CT. 738, 160 L.Ed.2d 621 (2005), IN THAT IT WAS GREATER THAN NECESSARY TO COMPLY WITH THE PURPOSES SET FORTH IN 18 USC § 3553(a); IT WAS SUBSTANTIVELY UNREASONABLE BECAUSE THE COURT FAILED TO PROPERLY CONSIDER AND WEIGH PERTINENT § 3553(a) FACTORS.

## STATEMENT OF THE CASE

Appellant was arrested and charged for his role in a conspiracy from January 2012 to April of 2013. Subsequently, a superseding information was handed down.

On January 7, 2016, Appellant pled guilty to count one of the superseding information charging him with conspiracy to distribute and possess with intent to distribute at least 100 grams or more of herion, contrary to 21 USC, Section 841(a)(1) and 841(b)(1)(C), in violation of 21 USC, Section 846. Appellant filed a Sentencing Memorandum on October 18, 2016, requesting a downward departure/variance from Career Offender.

On October 24, 2016, the sentencing hearing was held. (Transcripts of Sentencing Hearing). After hearing argument by the parties, the Court sentenced Appellant to 151 months imprisonment, three years supervised release and a $100 special assessment.

Judgment was entered on October 25, 2016 and a timely notice of appeal was filed on November 4, 2016.

## ARGUMENT

I. **REMAND IS REQUIRED IN LIGHT OF MATHIS V. UNITED STATES, 136 S.CT. 2243 (2016) AND CHANG-CRUZ V. ATTORNEY GENERAL, 2016 WL 4446063 (3rd Cir. 2016)**

Appellant submits that this case must be remanded for resentencing because, after the Supreme Court decision in Mathis, and this Circuit decision in Chang-Cruz, he was improperly categorized as a Career Offender.

At Appellant's sentencing proceeding, the District Court, adopting the findings of the PSR without any explanation, found that Appellant's convictions on 1) 2002, for third degree possession with intent to distribute cocaine; and 2) 2008, possession with intent to distribute cocaine, all qualified Appellant for classification as a career offender. As described below, none of these convictions can be properly considered to be predicate offenses for career offender designation.

**Standard of Review**

Mathis and Chang-Cruz were decided prior to Appellant being sentenced in this matter. While Mathis addressed what constituted a crime of violence in the ACCA context, this Circuit and the Fifth Circuit recently extended the Mathis holding to controlled substances offenses under the Career Offender Guidelines. See Chang-Cruz v. Attorney General, 2016 WL 4446063 (3rd Cir. 2016) and United States v. Hinkle, 823 F3d 569, 576-77 (5th Cir. 2016). Mathis and Chang-Cruz is applicable here, on Appellant's direct appeal. See Griffith v. Kentucky, 479 U.S. 314, 107 S.Ct. 708 (1987).

USSG 4B1.1 provides that a defendant is a career offender if the offense of conviction is a controlled substance offense, and the defendant has at least two prior felony convictions of a controlled substance offense.

USSG 4B1.2(b) defines a controlled substance offense:

(b) The term "controlled substance offense" means an offense under federal or state law, punishable by imprisonment for a term exceeding one year that prohibits the manfacture, import, export, distribution or dispensing of a controlled substance (or a counterfeit substance) or the possession of a controlled substance (or a counterfeit substance) with intent to manfacture, import, export, distribute or dispense

In this case Appellant was deemed a Career Offender based on two prior convictions in violation of New Jersey Stat. Ann. § 2C:35-5a (i.e. New Jersey drug trafficking law). Drug trafficking, as defined in New Jersey by New Jersey law states that (a) a person is guilty of possession with intent to distribute if he knowingly or purposely manufactures, distributes or dispenses or possesses or has under his control, a controlled dangerous substance. N.J.S.A. 2C:35-5(a).

In determining whether a prior conviction - state offense is included within an offense defined in the Guidelines, courts start with the "categorical approach." Moncrieffe v. Holder, 133 S.CT. 1678, 1684, 185 L.Ed.2d 727 (2013). Under this approach this court look "to whether 'the state statute defining the crime of conviction' categorically fits within the 'generic' federal" crimed. Id. This requires the court to consider the state and federal offense "in the abstract," id-that is, to consult only their respective elements-to see whether a conviction under the state statute "'necessarily' involved facts equating to the generic federal offense," id. (quoting Gonzales v. Duenas-Alvarez, 549 U.S. 183, 185-87, 127 S.Ct. 815, 166 L.Ed.2d 683 (2007)).

5

In some cases, a court may depart from the categorical approach and employ the "modified categorical approach." Id. This approach applies when a state statute contains and describes "several different crimes," id, and "at least one, but not all[,] of those crimes matches the generic version," Descamps v. United States, 133 S.Ct. 2276, 2285, 186 L.Ed.2d 438 (2013). The modified categorical approach allows the court to look to "the charging document and jury instructions, or...the plea agreement, plea colloquy, or some comparable judicial record of the factual basis for the plea." Moncrieffe, 133 S.Ct. at 1684 (internal quotation marks omitted)(quoting Nijhawan v. Holder, 557 U.S. 29, 35, 129 S.Ct. 2294, 174 L.Ed.2d 22 (2009)). As the Supreme Court recently re-emphasized in Mathis v. United States we "focus on the elements...of [the state and federal] crime[s]." 136 S.Ct. 2243, 2254, 195 L.Ed.2d 604 & n.4 (2016) (quoting Descamps, 133 S.Ct. at 2285). If the elements of the state offense match up with, or are narrower than, those of the generic federal offense, then the state offense is an controlled substance offense - felony. If not, then not.

Consequently, Mathis requires that, when "faced with an alternatively phrased statute," a court must "determine whether its listed items are [alternative] elements," which must be unanimously found by a jury (or found by a judge at a bench trial) beyond a reasonable doubt to sustain a conviction, or instead are alternative "means" that a jury need not unanimously find. Id at 2256. To make this determination, the court consider whether the relevant jurisdiction's courts have spoken on the issue; whether the statutory alternatives carry different minimum or maximum punishments (in which case the alternatives are elements under Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), and its progeny); or whether there is some other clear indication in the statute. Mathis, 136 S.Ct. 2256. Absent any such indication, a court may take a "peek" at parts of the record, such as the indictment or

6

or jury instructions. Id. (quoting Rendon v. Holder, 782 F.3d 466, 473-74 (9th Cir. 2015) (Kozinski, J., dissenting from denial of reh'g en banc)). These sources might "indicate, by referencing one alternative term to the exclusion of all others, that the statute contains a list of elements," or else charge several of the statutory alternatives, which "is as clear an indication as any that each alternative is only a possible means of commission." Id. (emphasis added). If the statute, case law, and record do not "speak plainly," then the record "will not be able to satisfy [the] 'demand for certainty' [needed] when determining whether a defendant was convicted of a generic offense." Id. (quoting Shepard v. United States, 544 U.S. 13, 21, 125 S.Ct. 1254, 161 L.Ed.2d 205 (2005)).

In United States v. Hinkle, ___F.3d___, 2016 WL 4254372 (5th Cir. 2016), the Court analyzed the effect of Mathis on determining how to apply Mathis in deciding whether a state criminal statute is divisible. The Court concluded that while Mathis dealt with the Armed Career Criminal Act and not the Guidelines,

> However, the primary focus of the Court's decision in Mathis was how to determine whether a statute is "divisible" and therefore whether the modified categorical approach can be used to determine, when a statute defines more than one offense, of which offense a defendant was convicted. The decision in Mathis clarified when and how the modified categorical approach is applied in the context of federal sentencing.

The Court in Hinkle concluded that "Mathis plainly and unmistakably leads to the conclusion that the definition of "delivery" in section 481.002(8), as authoritatively interpreted by the Texas Court of Criminal Appeals, set forth various means of committing an offense and does not set forth in the disjunctive separate offenses." The Court therefore vacated Hinkle's sentence, because his prior Texas conviction for delivery of herion did not qualify as a "controlled substance offense" under 4B1.1.

7

Likewise, in Chang-Cruz v. Attorney General 2016 WL 4446063 (3rd Cir 2016) this Court vacated Chang-Cruz's sentence because his prior New Jersey conviction under New Jersey Stat. Ann. 2C:35-7(a) for possessing or distributing drugs within 1,000 feet of school zone was not an "aggravated felony" for immigration purposes because crime appeared broader than generic federal offense under 21 U.S.C. 860 in light of Mathis.

Under Mathis, the first question is whether the "listed items" in the statute are elements or means, that is whether the listed methods of violating the statute are alternative elements going toward the creation of seperate crimes, or set out alternative ways of satisfying a single element.

N.J. Stat. Ann. §2C:35-5(a) prohibits multiple offenses in the same statute and reads in relevant part as follows:

> Except as authorized by this article, a person shall not manfacture, distribute or dispense, or possessor have under his control, with intent to manfacture, distribute or dispense, a controlled dangerous substance or controlled substance analog.

Turning to the statutes(i.e. 2C:35-5a) before this Court, because Mathis applies, this Court cannot conclude that Appellant was convicted of an controlled substance offense because it is not "certain[]," see id. whether "distribution" and "dispensing" in § 2C:35-5 constitute alternative elements or alternatives means. If they are both elements a court may apply the modified categorical approach to determine the elements of Appellant's conviction. If they are means, there is one element satisfied by either distribution or dispensing, in which case § 2C:35-5 sweeps more broadly than 4B1.2(b). The definitions of "distributing" and "dispensing" under New Jersey law are almost identical to their respective definitions under federal law. Compare N.J. Stat. Ann. § 2C:35-2, with 21 U.S.C. § 802(10), (11).

8

The elements of Appellant's crime of conviction cover a greater swath of conduct than the elements of a controlled substance offense as defined by Guideline § 4B1.2(b). Mathis v. United States, 136 S.Ct. 2243 (2016). And, a state crime cannot qualify as a[] [career offender] predicate if its elements are broader than those of a listed generic offense. Mathis, 2016 U.S. LEXIS 4060, at *6, quoting Taylor v. United States, 495 U.S. 575, 602 (1990).

As this Court has agreed with the Government in Chang-Cruz. We have never uncovered any case clearly holding that distribution and dispensing are alternative elements, but we have found suggestions to the contrary-namely, cases that appear to treat distribution and dispensing as alternative means of fulfilling a single element. See, e,g., State Maldonado, 137 N.J. 536, 645 A.2d 1165, 1185 (N.J. 1994)(upholding, on other grounds, a jury stating that, "to find against [the defendant] on this element, the State must prove knew that it was cocaine and intended to distribute or dispense it to [another]" (em added)); State v. Wilkinson, 126 N.J. Super. 553, 316 A.2d 6, 8 (N.J. App. Div. 1973)(concluding that was sufficient evidence to prove that the defendant was guilty of "possession of marijuana with intent to distribute or dispense it").

Second, Appellant's judgments of conviction indicate that he was convic "DISPENS[ING]/DISTRIBUT[ING]" drugs, while his indictments charge him with "dispens[ing] or distribut[ing] cocaine" a "possess[ing] with intent to dispense or distribute cocaine. This is clear an indication as any that each alternative," distribution and dispensing, "is on possible means of commission, not an element that the prosecutor must prove to a beyond a reasonable doubt," Mathis , 136 S.Ct. at 2257.

9

Thus, in light of Mathis, New Jersey's drug trafficking statute no longer qualifies as a controlled substance offense since one "means" of accomplishing (i.e., dispensing or distributing) the element of the statute (i.e., how the controlled substance offense is committed) is broader than the definition of a controlled substance offense under U.S.S.G. § 4B1.2(b). Specifically, the language under New Jersey law - which includes dispensing or distributing a controlled dangerous substance - is broader than the language under the Guidelines.

For this reasons, Appellant's New Jersey drug convictions do not "categorically" qualify as controlled substance offenses. Consequently, the 2002 and 2008 convictions cannot be counted as predicates for Appellant's assignment as a career offender. Mathis, 2016 U.S. LEXIS 4060, at *6 (June 23, 2016), quoting Taylor, 495 U.S. at 602. In view of the ambiguity in New Jersey law, this Court should conclude, as it did in Chang-Cruz, that the record does not satisfy the "demand for certainty" necessary to conclude that Appellant was convicted of distribution or possessing with intent to distribute instead of dispensing or possessing with intent to dispense, Mathis 136 S.Ct. at 2257, and therefore, the Court cannot conclude that Appellant was convicted of a generic federal offense. Consequently, the Court should hold that Appellant's sentence should not have been enhanced, and vacate his sentence and resentence him without the career offender enhancement.

II. <u>THE DISTRICT COURT'S SENTENCE OF APPELLANT - MR. JACKSON WAS NOT REASONABLE IN LIGHT OF THE DECISION IN UNITED STATES V. BOOKER, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), IN THAT IT WAS MUCH GREATER THAN NECESSARY TO COMPLY WITH THE PURPOSES SET FORTH IN 18 U.S.C. § 3553(a); IT WAS SUBSTANTIVELY UNREASONABLE BECAUSE THE COURT FAILED TO PROPERLY CONSIDER AND WEIGH PERTINENT § 3553(a) FACTORS.</u>

The Appellant objected to the sentence as pronounced by the district court on the grounds of substantive unreasonableness, for much the same reason as the career offender status / guidelines were deemed unreasonable, that is the failure of the Court to properly consider and apply the factors of 18 U.S.C. § 3553(a).

The Court was required to review all of the 18 U.S.C. § 3553 factors in fashioning a reasonable sentence for Appellant that was not greater than necessary to satisfy the purposes of sentencing. It was required to consider 1) the nature and circumstances of the crime; 2) the history and characteristics of the defendant; 3) the need for the sentence imposed to reflect the serious of the offense, to promote respect for the law, and to provide just punishment for the offense; 4) to afford adequate deterrence to criminal conduct; 5) to protect the public from further crimes of the defendant; and 6) to provide the defendant with needed educational or vocational training, medical care or other correctional treatment in the most effective manner. The court was also required to consider the need to avoid unwarranted sentences disparities among defendants with similar records who have been found guilty of similar conduct, the kinds of sentences available, the Sentencing Guidelines, and any pertinent policy statements within the Guidelines. As noted above, however, the Court failed to do anything but mention some of those factors, and failed to assign any particular weight to the ones he did discuss.

Pursuant to United States v. Booker, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the Court must impose a reasonable sentence for this defendant, based on the facts of this case and all the factors in § 3553(a). A sentence is unreasonable if

11

the district court fails to properly consider a relevant factor listed in Section 3553(a). See Gall v. United States, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007); United States v. Kononchuk, 485 F3d 199, 204 (3d Cir. 2007) and United States v. Webb, 403 F3d 373, 383 (6th Cir. 2005). District courts are expected to provide a reasoned explanation for their sentencing decisions in order to facilitate appellate review." Id at 384; see also United States v Jackson, 408 F3d 301, 305 (6th Cir. 2005)(reaffirming that "we as an appellate court must still have the articulation of the reasons the district court reached the sentence ultimately imposed."). Such analysis is lacking in this case on the required § 3553(a) elements and the request for Downward Departure / Variance from Career Offender that was raised by Appellant. Booker requires that appellate courts review sentences for "reasonableness," but that review "involves more than ensuring that district courts appreciate their sentencing discretion and issue mechanically correct sentence.

The Court did not consider the nature and circumstances of the crime. The only findings by the Court regarding the nature of the crime were that this was a wide-ranging, long-term drug conspiracy here in Camden in which involved three different kinds of illegal drugs, and that Mr. Jackson's role in this was, he was a supplier of herion to the Wiles organization. (Transcripts of Sentencing, p. 19) There was no mention that the fact that Appellant did not participate during the full term of conspiracy until very late February of 2013, that he had no connections to any facilities or other activity by the people in the conspiracy and to any weapons or was charge as such. More importantly, there was no mention that the career offender designation overstates the seriousness of his prior criminal record, nor the need to avoid unwarranted sentence disparities among co-defendants where Appellant being less culpable received more time than his co-defendants that were more culpable then he was.

12

The Court did not consider any of the letters submitted by his friends, the mother of his children and family; the Appellant's post-sentencing conduct (i.e. certificates of completion), his mother testimony during sentencing, or any of the circumstances of the Appellant's childhood of growing up without a father figure in his life or the support of his family. The Court did not respond to counsel's argument in the sentencing memorandum that "a career offender sentence of such extreme length would be more harmful than helpful for a young man. A sentence so harsh would leave him without reason to hope to serve his time, rehabilitate himself, and return to a meaningful role in society." The Court did not address the fact that one of the foremost goals of punishment is rehabilitation. 18 U.S.C. § 3553(a)(2)(D), and that the goal of rehabilitation "cannot be served if a defendant can look forward to nothing beyond imprisonment. Hope is the necessary condition of mankind... A judge should be hesitant before sentencing so severely that he destroys all hope and takes away all possibility of a useful life." United States v. Carajal, 2005 WL 476125 (S.D.N.Y. Feb 22, 2005).

Nowhere in the decision does the Court explain why a sentence of over 12 years is necessary to accomplish any of the stated goals of sentencing. It is certainly more than necessary to provide punishment, protection of society, deterrence to others, or drug rehabilitation.

The Court was presented with letters of support from friends, the mother of his children and family. They set forth a great number of personal factors, just as his mother testimony for the court to consider, including his extremely hard childhood with being raised without a father; they noted many instances of kindness and responsibility toward his family. He allocuted his post-sentencing conduct at the sentencing hearing, fully accepting responsibility; he expressed his remorse, his intention to reform and rehabilitate himself, and asked for leniency, by asking for a varience/departure from the career offender guidelines. The Court gave no consideration of these factors.

13

## CONCLUSION

WHEREFORE, because of teh ambiguity in New Jersey law and that the record does not satisfy the "demand for certainty" necessary to conclude that Appellant was convicted of a generic federal offense and that his sentence should not have been enhanced, and because there is little doubt that the court considered only the career offender Guidelines and the fact that this was a wide-ranging, long-term drug conspiracy in Camden in which involved three different kinds of illegal drugs. In doing so, the Court not only failed to carry out its duty to determine an appropriate sentence, sufficient but not greater than necessary to accomplish the goals of sentencing. More importantly, the district court erred in concluding that Appellant was convicted of a generic federal offense. As a result, Appellant's sentence is unreasonable and his sentence should not have been enhanced under 4B1.1. Therefore for these reasons, this court should vacate his sentence and remand for resentencing.

DATE: 2/13/2017

Respectfully submitted,

Keith Jackson
Reg.No.#65312-050
FCI McKean
P.O. Box 8000
Bradford, PA 16701

14

## CERTIFICATE OF SERVICE

I, Keith Jackson, affirm that true and correct copies of the enclosed "Pro Se Appellant's Brief on Appeal" were provided to the interested parties listed below by prepaid US Mail on the date affixed by my signature. The mailings were placed in "legal mail" at FCI McKean (PA) per 28 CFR 540.

*(signature)* 2/1/3/2017
Keith Jackson
Reg.No.#65312-050
FCI McKean
P.O. Box 8000
Bradford, PA 16701

| Clerk of the Court | U.S. Attorneys Office | Alan Bowman |
|---|---|---|
| US Court of Appeals | District of New Jersey | Attorney-at-Law |
| Third Circuit Court | 401 Market St., 4th Floor | 1 Gateway Ctr., Ste 105 |
| 601 Market St, Rm 21400 | Camden, NJ 08101 | Newark, NJ 07102 |
| Philadelphia, PA 19106-1729 | | |

## CERTIFICATE OF COMPLIANCE

I, KEITH JACKSON certify that the Brief complies with the typeface requirements of Fed.R.App.P. 32(a)(5) and the type style requirements of Rule 32(a)(6), consistent with Rule 32(a)(7)(A), the Brief does not exceed 30 pages.

Respectfully submitted

*Keith Jackson* 21/3/2017
Keith Jackson
Reg.No.#65312-050
FCI McKean
P.O. Box 8000
Bradford, PA 16701